**APPLICATION of NATIONAL FOUNDRY CO. OF N. Y., Inc., Debtor, For relief under Chapter XI, Section 322 of the Bankruptcy Act.**

**No. 51447.**

United States District Court
E. D. New York.
April 18, 1955.

Louis J. Castellano, Brooklyn, N. Y., referee in bankruptcy.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., for Dist. Director of Internal Revenue, Brooklyn, Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Schwartz, Rudin & Duberstein, Brooklyn, N. Y., for debtor, Max Schwartz, Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

National Foundry Co. of N. Y. Inc., the debtor in an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., petitioned this Court for a review of an order made by Hon. Louis J. Castellano, Referee in Bankruptcy, dated March 17, 1955.

The Director of Internal Revenue filed a claim against the debtor for taxes and interest thereon to the date of the filing of the petition in the said proceeding. That claim, not having been disputed, was duly paid. The Director, however, made an additional claim for tax penalties and interest for the period from the date of filing up to the date of the afore-said payment, which additional claim is the subject of the present controversy.

The question for determination is whether the Bankruptcy Court had sole jurisdiction to pass upon and determine the status, validity and amount of the additional claim or whether a specific provision in the Internal Revenue Code empowered the Director to take steps for such collection, without supervision or restraint by the Bankruptcy Court.

The Referee in Bankruptcy upheld the contention of the Director and determined that he had no right to enjoin him from taking proceedings for such collection.

The undisputed facts are that on March 9, 1954, the debtor filed an original petition under Section 322, Chapter XI of the Bankruptcy Act; that on June 23, 1954, the Director of Internal Revenue filed a claim for taxes owed by the debtor, which, with interest thereon to the date of filing, totalled the sum of $29,614.72; that the plan, as amended, was filed and confirmed by an order dated August 2, 1954; that pursuant to the said order the said claim was paid; that the Director made an additional claim against the debtor for penalties on the said taxes and interest thereon subsequent to the filing of the petition, totalling the sum of $583.58; that the debtor did not become solvent during the pendency of the Chapter XI proceeding and that the penalties and interest sought to be collected by the Director were duly imposed.

Subsequent to the confirmation of the plan the debtor made a motion before the Referee to enjoin the Director of Internal Revenue from taking any steps or proceedings to collect the said sum of $583.58 for tax penalties and interest. The said Director by cross motion sought to set aside the order of August 2, 1954, confirming the amended plan or, in the alternative, to strike out the provision in said order, barring the Director from asserting the said claim for penalties and interest, upon the ground that such provision was in violation of that part

of the Int.Rev.Code 1954, § 7421, 26 U.S. C.A., reading, as follows:

"(a) Tax. Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The Referee made the order, now appealed from, dated March 17, 1955, denying the debtor's motion to enjoin the Director and granting the alternative relief, requested in the cross motion of the Director.

It is questionable whether the tax assessment and interest thereon are legally collectible. Collectibility, however, is not an issue in this case. The debtor in its petition for review herein cites cases, including the cases of City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710; United States v. General Engineering & Mfg. Co., 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682, and United States v. Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682, in support of its contention that the claim for post-bankruptcy interest and penalties is invalid. The Government attempts to distinguish them by showing that the assessment in this case was made subsequently to the bankruptcy proceeding and did not pertain to the estate of the bankrupt. The Referee analyzed the cases, pointing out that the post-bankruptcy interest and penalties, amounting to $583.58 were debts not provable and therefore not dischargeable under the order confirming the plan of arrangement, citing Sections 371, 17, 57, sub. j, and 63 of the Bankruptcy Act; 11 U.S. C.A. §§ 771, 35, 93 sub. j, and 103 respectively.

The debtor relied upon the case of Sword Line, Inc., v. Industrial Commissioner of State of New York, 2 Cir., 212 F.2d 865, certiorari denied 348 U.S. 830, 75 S.Ct. 53. It appeared therein that the State Commissioner filed a claim in the Bankruptcy Court for State taxes and interest to the date of filing of the petition; that the claim was paid; that he then filed a warrant in the County Clerk's office for collection of post-bankruptcy interest; that the debtor moved in the Bankruptcy Court to enjoin such collection and expunge the warrant, contending that such claim must be determined by the Bankruptcy Court and not in a direct action in another Court or proceedings. The injunction was granted. The Referee, in his opinion, properly distinguished that case from the case at bar, emphasizing that the State Commissioner in the Sword Line case was not protected by a statute, similar to the aforesaid section of the Internal Revenue Code, favoring the Director of Internal Revenue. The Referee in the said opinion further stated that he held for the Government because he "was confronted with the mandate of the Internal Revenue Code (26 U.S.C.A. 3653) which prohibits the court from restraining the Director" from collecting the assessment. The Sword Line case holds that the claim made by a State Industrial Commissioner for post-bankruptcy interest could not be collected by direct action. There was a strong dissenting opinion. It further appears that the restraining order in that action enjoined "until final decree" any suit against the debtor, whereas the restraining order of August 2, 1954, in this action precludes such suit absolutely.

Finally, the Court said therein, 212 F.2d at page 870:

"*While injunction against state proceedings is undesirable,* it is nevertheless recognized as necessary where preservation of federal dispositions in bankruptcy and protection and enforcement of federal decrees in legal rehabilitation of corporations are necessary."

In view of that language, and the aforesaid restraining statute, it is incomprehensible that the Bankruptcy Court could enjoin the action of the Director herein.

Cases cited by the debtor in support of its argument that the Bankruptcy Act supercedes the Internal Revenue Code were situations wherein the Government

sought priority in the bankruptcy proceeding itself.

The Referee's findings and order are confirmed.

Settle order on notice.