**NATIONAL FOUNDRY CO. OF N. Y.,
Inc., Debtor-Appellant,**

v.

**DIRECTOR OF INTERNAL REVENUE,
Claimant-Appellee.**

**No. 151, Docket 23778.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1955.

Decided Jan. 20, 1956.

Max Schwartz, Brooklyn, N. Y. (Schwartz, Rudin & Duberstein, Brooklyn, N. Y., on the brief), for debtor-appellant.

Elliott Kahaner, Asst. U. S. Atty. for Eastern Dist. of N. Y., Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., on the brief), for claimant-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

The debtor, National Foundry Co. of N. Y. Inc., filed its petition for arrangement below on March 9, 1954, and on August 2, 1954, a bankruptcy referee confirmed its plan of arrangement. The confirmation order contained an express provision precluding the United States, as well as the State and City of New York, from asserting any claim against the debtor for penalties and interest other than those already filed and allowed, thus excluding any such penalties and interest accruing after the filing of the petition. Thereafter the debtor

moved to enjoin the District Director of Internal Revenue in Brooklyn from asserting and taking any steps to collect these tax penalties and interest, and the Director filed a cross motion to set aside the order of confirmation or in the alternative to strike out the restraining order as to the claims of the United States. The referee denied the motion of the debtor and granted the Director's alternative motion to eliminate the constraint upon the United States. On petition for review by the debtor the referee's order was affirmed by Judge Bruchhausen, whose reasoned opinion is reported in D.C.E.D.N.Y., 130 F.Supp. 678. The debtor's appeal followed.

In his opinion the district judge, while stating that "It is questionable whether the tax assessment and interest thereon are legally collectible," went on to say, "Collectibility, however, is not an issue in this case." 130 F.Supp. 678, 680. And the appellee argues vigorously that the remedy sought by the debtor is not available in tax cases, whether the tax is collectible or not. Nevertheless it is quite apparent that this is not a mere sham battle over the niceties of remedy, but is and is intended to be a direct and necessary step by the appellee toward attempted collection of these claims. In his brief appellee quotes the referee to define the issue now before us as being whether or not the court can restrain the Director from taking action "to assess and collect penalties arising in connection with the tax claim filed and allowed in the arrangement proceeding, with post bankruptcy interest alleged to be due on the tax claim." He supplements this by saying, "While the Appellee agrees with Referee Castellano's memorandum that the tax items are proper, as they were not discharged in the Bankruptcy proceedings," though he concludes with what seems to us the *non sequitur* that "this issue is not before the Court." For we conceive the decisive question to be whether or not there are any penalties or interest now due the government.

In truth, we had supposed that previous decisions had settled that there were none due under the circumstances. The question of the accruing of interest and tax penalties during bankruptcy had divided the courts, including different panels of our own court, until the case of City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, and other companion cases settled that such claims, whether federal or state, were not collectible in bankruptcy, including reorganization and arrangement proceedings. Thereafter we construed the meaning and intent of this principle to be that such claims could not thereafter be used to harass a reorganized corporation as it attempted anew to face the vicissitudes of business life. It is true that Sword Line v. Industrial Commissioner of State of New York, 2 Cir., 212 F.2d 865, certiorari denied 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654, specifically concerned a state claim; but the entire reasoning, based upon the Saper principle, was as completely applicable to federal as to state claims. See 30 N.Y. U.L.Rev. 716, n. 2, 718, n. 17. In our view interest and penalties did not accrue after the bankruptcy. Whether this or a rationale that they accrued, but were barred, see 54 Col.L.Rev. 1293; 30 N.Y.U.L.Rev. 558, 580–584, is the more appropriate, the result is the same. They are nonexistent; and proceedings for their collection are at best futile, at worst inimical to the future welfare of the newly reorganized corporation. In the Sword Line case there was an extensive and persuasive dissent advancing all the arguments which it seems the appellee here can eventually propound; but the denial of certiorari, 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654, terminated that claim and permitted our injunction against the state proceedings for collection to stand.

█ The main basis for the decision below and for the appellee's argument for a differentiation of the claims he presses from those of the City and State of New York is the well-known statute, now I.R.C. § 7421, 26 U.S.C., which pro-

vides—with certain exceptions not here applicable for pending or potential Tax Court matters—that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." But it has long been settled that this general prohibition is subject to exception in the case of an individual taxpayer against a particular collector where the tax is clearly illegal or other special circumstances of an unusual character make an appeal to equitable remedies appropriate. See, for example, Miller v. Standard Nut Margarine Co. of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Shelton v. Gill, 4 Cir., 202 F.2d 503; Holland v. Nix, 5 Cir., 214 F.2d 317, 320. Naturally there is extensive controversy as to when the special circumstances exist, and the issue appears to have been frequently litigated. As we have indicated, this at present posture seems to us just such a clear case of an attempt to collect an illegal or nonexistent tax claim. But if we are wrong, the matter is capable of easy, expeditious, and certain determination. If the appellee herein files a petition for certiorari for review of our present decision and we are found to be in error, he has surely not been harmed, especially since the provisions of our Rule 28(c) permit him to apply for a stay of our mandate during the pendency of his petition. On the other hand, as noted in the law review comments we have cited, his threatened levy is very deleterious to the reorganized corporation in the event we are correct.

We therefore think that the immediately desirable disposition of this controversy is for us to express a clear adjudication of the basic legal principle and to authorize the appropriate remedy to support it. The power of the bankruptcy court to protect its own decrees is of course clear. Mar-Tex Realization Corp. v. Wolfson, 2 Cir., 145 F.2d 360; Evans v. Dearborn Machinery Movers Co., 6 Cir., 200 F.2d 125. We conclude, therefore, that there should be incorporated in the confirmation order a specific provision stating in substance that no interest or penalties on the allowed tax claims, accruing after the filing of the petition on March 9, 1954, are due the United States from this debtor, and further ordering the appellee Director of Internal Revenue to take no steps for the attempted assessment or collection of such interest or penalties.

Reversed and remanded for further proceedings as directed.