COLUMBIA AIRCRAFT COMPANY, Plaintiff,

v.

UNITED STATES, Defendant.

United States District Court
S. D. New York.
June 12, 1958.

**933**

L. HAND, Circuit Judge.

This case involves the question whether the United States may recover interest upon taxes, assessed against the plaintiff on April 10, 1947, for various deficiencies in its income, declared value, and excess profits taxes, which had become due at various times between April 1, 1943 and March 31, 1946. The plaintiff became independently entitled to an amount, known as a "carry-back": that is to say, to the right to a refund by spreading certain losses in a later year as deductions in the assessment of taxes for earlier years in which those losses had not, and could not have been, deducted. The amount of this "carry-back" is much greater than the set-off claimed by the defendant, which consists of interest between November 8, 1946 and April 10, 1947, upon the tax deficiency assessed against the plaintiff. On the first of these dates the plaintiff had filed a petition for confirmation of an "arrangement" with its creditors under Chapter XI of the bankruptcy law. No question is raised as to the propriety of a set-off of the interest falling due before the date of the filing of the petition, nor indeed after April 10, 1947, when the deficiencies were assessed. However, the defendant insists upon a set-off between those dates, and the plaintiff disputes it upon the ground that interest upon the deficiency ceased when the petition for the "arrangement" was filed. Why the dispute does not extend to interest arising on the deficiency after April 10, 1947, until the order confirming the "arrangement" on September 8, 1948, does not appear, but, since neither party raises that point I shall not consider it. Thus the only question is whether the defendant's claim for interest ended on November 8, 1946, when the petition was filed.

The Supreme Court in City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, held that in a bankruptcy case the right of a municipality to interest on its claims ceased upon petition filed and did not continue until the adjudication. In United States v.

This is an action tried to a judge to recover a part of an allowance made to the plaintiff, known as a "carry-back". That is to say in a later year, not stated in the evidence, the plaintiff became entitled to a credit for overpayments of its taxes in earlier years, also not stated. The defendant raises as a set-off to this "carry-back" interest upon other taxes due at various times between 1943 and 1946 which the Commissioner of Taxes assessed against it on April 10, 1947. On November 8, 1946, the plaintiff filed a petition for "an arrangement" under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and an order confirming the "arrangement" was entered on July 26, 1948. The question in dispute is whether any part of the interest falling due after November 8, 1946, upon the taxes assessed against the plaintiff, is a valid set-off against the plaintiff's claim for the "carry-back".

Daniel O. Dechert and Charles H. Ballard, New York City, for plaintiff.

Robert J. Ward, New York City, for defendant.

Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682, it extended this to a "reorganization under Chapter X", and in United States v. General Engineering and Manufacturing Co., 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682, to an "arrangement" under Chapter XI. The question arose in Sword Line v. Industrial Commissioner of State of New York, 2 Cir., 212 F.2d 865, whether the doctrine was more than a rule for the distribution of the assets of the corporation involved in the "arrangement": that is, whether the order of confirmation was a bar to any claim for interest after petition filed despite § 17(a) (1) of the Bankruptcy Act, 11 U.S.C.A. § 35(a) (1), and we held that it was a bar, a ruling that we repeated in National Foundry Co. of New York v. Director of Internal Revenue, 2 Cir., 229 F.2d 149. In the latter case the question was whether § 7421(a) of Title 26 U.S.C.A. forbad enjoining any suit to collect such taxes, and we held that it did not, saying (at page 150): "In our view interest and penalties did not accrue after the bankruptcy. Whether this or a rationale that they accrued, but were barred * * * is the more appropriate, the result is the same. They are nonexistent; and proceedings for their collection are at best futile, at worst inimical to the future welfare of the newly organized corporation. In the Sword Line case * * * denial of certiorari * * * terminated that claim and permitted our injunction against the state proceedings for collection to stand." In the face of these two decisions there cannot be any doubt that in this circuit City of New York v. Saper, supra, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, is to be regarded as more than a decision as to the marshalling of the assets of a corporation in "reorganization" or in an "arrangement"; and as denying the survival of rights of any sort to post-bankruptcy interest.

■ The defendant raises several objections to this conclusion, based upon the especial circumstances of the case at bar. First, it says, quite truly, that the doctrine does not apply to a secured debt, if the security is enough to pay both principal and interest up to the time of payment. Eddy v. Prudence Bonds Corporation, 2 Cir., 165 F.2d 157, 160; In re Macomb Trailer Coach, 6 Cir., 200 F.2d 611. However, no authorities are suggested, assimilating a set-off to the pledge of property as security for a debt, and the two occasions are totally unlike each other. A creditor who obtains security for his debt does so because he is not content to accept the risk of the debtor's continued solvency, and his unwillingness to do so necessarily includes any interest upon the principal. That is not true of the privilege of set-off which in substance comes down to no more than a procedural economy in the enforcement of mutual obligations.

■ The defendant next invokes the doctrine that, if at the conclusion of a bankruptcy, or of a proceeding like the present one, it develops that the debtor is solvent, the post-bankruptcy interest may be collected. I cannot understand by what reasoning it is supposed that this plaintiff became solvent during, or at the conclusion of, the "arrangement". It is indeed true that upon the payment of 25% of its debts the order confirming the "arrangement" did return its property to the plaintiff, and that it then became solvent in the sense that that property was greater in value than any debts that were not discharged; but so to construe the doctrine is completely to distort its meaning. It applies, not to situations when, after the debtor has been released from his debts, he retains some property, free and clear, but to those occasions when in the end it turns out that there always had been more property than was necessary to pay his debts. The defendant does not suggest that the cash "carry-back" was enough to have paid all the debts in full.

■ Finally, the defendant asserts that the post-bankruptcy interest was discharged by the order confirming the "arrangement" because it approved a stipulation entered into between the parties on July 29, 1948, "with respect to the set-off of the claims of the Navy De-

partment and of the Collector of Internal Revenue against the refund payable to the debtor." In that stipulation the Collector, so far as concerned his own claims, did indeed "waive" any deposit of the sums that it would have been necessary to deposit for the plaintiff to obtain confirmation of the "arrangement", and substituted in its stead a right to set-off those claims against the amount of the cash "carry-back" due to the plaintiff. There was, however, not the slightest suggestion in the stipulation that the plaintiff meant to liquidate the amount of the assessment against it so as to include interest falling due after the filing of the petition. The amount of the plaintiff's claim was left at large, to be determined like any other claim.

The plaintiff is entitled to judgment for the amount of the post-bankruptcy interest deducted from the cash "carry-back", with interest thereon from the date when refund was paid. The foregoing opinion will serve in place of any findings, in accordance with Rule 52(a), 28 U.S.C.A.