**In the Matter of George Franklin VAUGHAN, Jr., Debtor.**

**(In Proceedings for an Arrangement under Chapter XI)**

**No. 65-3483.**

United States District Court E. D. Kentucky, Lexington Division.

Nov. 6, 1968.

James Park, of Stoll, Keenon & Park, Lexington, Ky., for debtor.

Elwood Rosenbaum, Lexington, Ky., for trustee.

James L. McBride, Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for the United States.

## MEMORANDUM

SWINFORD, Chief Judge.

The debtor filed a petition for a Chapter XI Arrangement on September 30, 1965. The United States filed an amended proof of claim in the amount of $29,912.60 for income taxes for the years 1962, 1963, and 1964 together with penalties and interest to the date of filing of the petition. This claim was allowed, the proposed arrangement plan was confirmed, and the United States was paid the full $29,912.60. Prior thereto, a notice of federal tax lien was filed in the office of the Fayette County Court Clerk. By agreement of the parties an order was entered by the Referee releasing this federal tax lien with respect to any property of the debtor being administered by the liquidating agent.

By order of June 25, 1968, the Referee (1) ordered released any notice of tax lien which the government had placed of record to secure payment of taxes evidenced by its amended proof of claim and (2) permanently enjoined the government from asserting or taking any steps to collect from the liquidating agent, from the debtor in possession, or *from the debtor individually* any post-petition interest or penalties on taxes embodied in the amended tax claim filed in this proceeding, that is, interest or penalties alleged to have been incurred subsequent to the filing of the petition on September 30, 1965. The United States has petitioned this court to review this order of June 25, 1968.

The contention of the United States is that the debtor is indebted to it in the sum of $2,934.60, which represents the post-petition interest which accrued from the date of filing the petition to the date the United States was paid for its claim. The United States contends that this debt survives the arrangement proceedings and is a personal debt of the debtor, though admittedly not collectible from the liquidating agent.

The questions presented to this court are (1) whether the Referee had jurisdiction to issue the order of June 25, and (2) whether the debtor is released by the Chapter XI Arrangement from personal liability for the post-petition interest.

■ The power of a bankruptcy court to protect its decrees is clear. Evans v. Dearborn Mach. Movers Co., 6 Cir., 200 F.2d 125; National Foundry Co. of N. Y. v. Director of Internal Revenue, 2 Cir., 229 F.2d 149. *National Foundry* is squarely in point. There, in arrangement proceedings, the Second Circuit specifically held that the bankruptcy court had jurisdiction to order the

Director of Internal Revenue to take no steps for the attempted assessment or collection of post-petition interest.

■■ The law is clear that tax claims in an arrangement proceeding bear interest only to the date of filing of the petition. United States v. General Engineering & Mfg. Co., 8 Cir., 188 F.2d 80, affirmed 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682. If the claim is paid in full according to the arrangement plan, the debtor incurs no personal liability for interest which would accrue from the date of filing the petition to the date of payment in full. Sword Line v. Industrial Commissioner of N. Y., 2 Cir., 212 F.2d 865, cert. denied 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654; National Foundry Co. of N. Y. v. Director of Internal Revenue, supra; Columbia Aircraft Co. v. United States, D.C., 163 F. Supp. 932. As pointed out above, National Foundry is on all fours with the instant case.

The government contends that post-petition interest is non-dischargeable under Section 17 of the Bankruptcy Act, 11 U.S.C. § 35, which reads as follows:

> "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy * * *."

However, as the Second Circuit pointed out in Sword Line, at 868, such post-petition interest is hardly "legally due and owing" at the time of the bankruptcy (or within three years preceding it). Thus, Section 17 of the Act does not make the debtor personally liable.

The United States, in both its briefs (filed with the Referee and with this court), places great emphasis on Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772. It contends that Bruning involved the precise issue before this court and that it impliedly overrules Sword Line and National Foundry. I cannot agree. The Referee correctly ruled that the "attempt to bring this case within the rule of Bruning v. United States, 376 U.S. 358, [84 S.Ct. 906, 11 L.Ed.2d 772] (1964) is misplaced."

The distinguishing factor is that in Bruning the interest which became a personal debt of the bankrupt was on unpaid tax; but in the instant case, the tax was paid in full. The Supreme Court held "that post-petition interest on an unpaid tax debt not discharged by § 17 remains after bankruptcy, a personal liability of the debtor" (376 U.S. at 363, 84 S.Ct. at 909). (Emphasis added.) A review of the record on appeal to the Supreme Court makes clear that it is only the interest on tax unpaid by the bankruptcy estate which was in issue.

Bruning was an action for refund of income taxes. On July 6, 1953, the taxpayer had filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. The government filed a claim in bankruptcy for unpaid withholding and federal insurance contributions taxes in the sum of $4,395.42. On July 10, 1956, the bankruptcy estate paid the United States $701.32, and on March 7, 1958, the taxpayer paid the remainder, plus interest, and then claimed a partial refund. He claimed a refund for two amounts: (1) $125.74, representing the interest on $701.32 from July 6, 1953, the date of filing the petition, to July 10, 1956, the date of part payment by the bankruptcy estate; and (2) $795.40, representing the interest on the balance of the assessment from July 6, 1953, to March 7, 1958, the date of final payment.

The dispute over the $125.74 is analogous to the dispute in the instant case. However, neither the Supreme Court nor either of the lower courts ruled on this dispute, since it was settled prior to the rendering of final judgment by the district court. The case went up on appeal only on the question of the $795.40—the bankrupt's liability for interest on taxes unpaid in the course of bankruptcy proceedings. Consequently,

734

*Bruning* does not control the case at bar. Nor does it overrule *Sword Line* and *National Foundry*. These two cases are dispositive of the issues before this court.

The petition for review should be dismissed, and the order of the Referee entered on June 25, 1968, should be sustained.

An order in conformity with this Memorandum is this day entered.