In the Matter of **JOHNSON ELECTRI-CAL CORPORATION, Debtor.**

**No. 67 B 271.**

United States District Court,
S. D. New York.

April 16, 1970.

Levin & Weintraub, New York City, for debtor; Elias Mann, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, by Susan Freiman, Asst. U. S. Atty., New York City, for the United States.

MANSFIELD, District Judge.

Upon this petition by the Government for review of an order of the Bankruptcy Court (per Referee Edward J. Ryan) we are called upon to decide (1) whether the Bankruptcy Court has jurisdiction to restrain collection by the Internal Revenue Service (IRS) of interest claimed to have accrued upon unpaid taxes after the debtor has petitioned for an arrangement under Chapter XI of the Bankruptcy Act and, if so (2) whether that court properly restrained collection of such interest in the present case. Answering both questions in the affirmative, we dismiss the petition and affirm the Referee's order for the reasons stated below.

The debtor, Johnson Electrical Corporation, petitioned for an arrangement under Chapter XI of the Bankruptcy Act on March 17, 1967. The Bankruptcy Court confirmed the arrangement on November 25, 1968, stating that "(3) The plan of arrangement and its provisions shall be binding upon the debtor and upon all creditors of the debtor * * * [and that] (5) All creditors affected by the terms of the plan of arrangement be and they hereby are forever restrained and enjoined from taking any further action or proceeding in connection with their said claims, except to enforce consummation of the terms of the plan of arrangement as confirmed herein."

The IRS filed a claim in the sum of $17,048.82 for unpaid taxes, which was allowed by the Bankruptcy Court and fully paid by the debtor on December 24, 1968. The IRS then attempted to collect interest in the amount of $1,511.59 that had allegedly accrued on its claim between the date of the filing of the Chapter XI petition and the date the claim was paid. In a well reasoned decision filed December 11, 1969, Referee Ryan held that recovery of such interest was barred by the terms of the arrangement and, upon the debtor's motion, enjoined its collection. The IRS now moves to vacate that order on the grounds that the Referee lacked jurisdiction or, assuming the existence of jurisdiction, had erroneously concluded that the debtor was not liable for post-petition interest on non-dischargeable taxes that had been fully paid after confirmation of the arrangement.

*The Bankruptcy Court's Jurisdiction*

The IRS urges that 26 U.S.C. § 7421(a) of the Internal Revenue Code, which provides in part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in

any court by any person," stripped the Referee of jurisdiction to enjoin collection of the interest assessed. If § 7421(a) controlled, the debtor would be forced to pay the tax and then sue for refund.

■ The purpose of § 7421(a) is to avoid vexatious injunction proceedings that interfere with the Government in collecting revenue for governmental purposes. If every taxpayer were free to seek injunctive relief, the procedure could be used to frustrate the Executive Branch in an essential governmental function. In spite of its mandatory language, however, § 7421(a) does not bar all suits to prevent assessment and collection of taxes. Injunctive relief will nevertheless be granted upon a showing that the tax is illegal and that its collection will cause irreparable harm. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932); Pizzarello v. United States, 408 F.2d 579 (2d Cir. 1968); Botta v. Scanlon, 314 F.2d 392, 394 n.1 (2d Cir. 1963); Hamilton v. United States, 309 F.Supp. 468 (S.D.N.Y. Nov. 14, 1969).

Here, however, the debtor fails to meet these dual conditions for the reason that while it has proven the illegality of the interest which the Government seeks to collect (see discussion *infra*), it has failed to make a showing of irreparable harm. The only evidence in the record that collection of such interest would harm the debtor is its conclusory statement in its petition and order to show cause filed with the Bankruptcy Court to the effect that "any levies made by the Director of Internal Revenue would cause irreparable harm to the debtor herein in that sums of money due to your petitioner and necessary for operations would be tied up and not made available." The nature of the debtor's financial condition since the arrangement, however, is not indicated in the record. There is thus no factual basis for concluding that the customary procedure of paying the assessment and then filing a refund suit would strangle the debtor.

Although irreparable harm might be shown upon remand, either by evidence of injury to petitioner or an adverse effect upon other creditors' claims, we do not consider such a step necessary. Regardless of petitioner's failure to satisfy the two requirements laid down in *Enochs* we are satisfied that the Bankruptcy Court independently had jurisdiction to act. That court has been vested by Congress with broad powers. It is expressly authorized to "hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed." (Bankruptcy Act § 2(2A), 11 U.S.C. § 11(2A)) Furthermore, it is empowered to "Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title: *Provided, however,* That an injunction to restrain a court may be issued by the judge only." (Bankruptcy Act § 2a(15), 11 U.S.C. § 11(15)) See National Foundry Co. of New York v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956); Evans v. Dearborn Mach. Movers Co., 200 F.2d 125 (6th Cir. 1953); In re Vaughan, 292 F.Supp. 731 (E.D.Ky.1968). Congress' intent to grant broad injunctive powers to the Bankruptcy Court with respect to matters before it is evidenced by the specific proviso to the effect that an injunction to restrain a court may be issued only by a judge. Furthermore, the general policy underlying § 7421(a), which is to prevent the use of vexatious injunctive proceedings to interfere with collection of taxes, would not apply to bankruptcy proceedings where the Government, as a claimant, has already become involved as a creditor in a court proceeding and has by its own motion thus availed itself of the Bankruptcy Court to recover payment of taxes allegedly due.

■ Thus we believe that the provisions of the Bankruptcy Act were intended by Congress to supersede the prohibition of § 7421(a) insofar as it might ap-

ply to the Bankruptcy Court. Cf. In re Halo Metal Products, Inc., 302 F.Supp. 614 (N.D.Ill.1968). The Bankruptcy Court's power to issue such injunctions restraining collection of post-petition interest by state taxing authorities has already been recognized, Sword Line v. Industrial Commissioner of State of New York, 212 F.2d 865 (2d Cir. 1965), and it appears that the issuance of injunctive relief against the IRS on the facts before us constitutes an appropriate exercise of its broad powers, since collection of interest would admittedly have an adverse effect upon the arrangement.

### The Legality of the Interest Claim

Any doubt as to the IRS's right to collect post-petition interest in the present case has long since been resolved by the decisions of the Second Circuit Court of Appeals in National Foundry Co. of New York v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956), where the court denied the right to collect interest that had allegedly accrued on the Government's claim for unpaid taxes between the filing of the petition and the date when the unpaid taxes were paid in full, stating:

> "In our view interest and penalties did not accrue after the bankruptcy. Whether this or a rationale that they accrued, but were barred * * * is the more appropriate, the result is the same. They are nonexistent; and proceedings for their collection are at best futile, at worst inimical to the future welfare of the newly reorganized corporation." [1]  (229 F.2d at 150)

Accord: In re Vaughan, 292 F.Supp. 731 (E.D.Ky.1968); cf. Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L. Ed.2d 853 (1966) (Chapter XI arrangement); Sword Line v. Industrial Commissioner of State of New York, 212 F.2d 865 (2d Cir.), cert. denied, 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654 (1954)

(Chapter XI arrangement); City of New York v. Saper, 336 U.S. 328, 69 S. Ct. 554, 93 L.Ed. 710 (1949) (ordinary bankruptcy proceeding); United States v. Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682 (1952) (Chapter X corporate reorganization); United States v. Bloom, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682 (1952) (assignment for benefit of creditors). In short, it would be fundamentally unfair to permit recovery of interest claimed to have accrued merely because of the passage of time required for administration of the estate rather than because of any fault on the part of the debtor. See, e.g., Nicholas v. United States, 384 U.S. 678, 683–684, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966).

The authorities urged by the Government do not undercut the foregoing basic principle established in National Foundry Co., and they are clearly distinguishable. We are not here dealing with interest on the debtor's *unpaid* tax liability, Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), interest on taxes pertaining to the debtor's business activities carried on *after* the arrangement proceedings, Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), or discharge of pre-petition tax claims barred from participation in an arrangement but not thereby discharged, World Scope Publishers, Inc. v. United States, 348 F.2d 640 (2d Cir. 1965). Here the tax claim, once paid, was discharged according to § 17 of the Bankruptcy Act, 11 U.S.C. § 35. See Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).

It is also impossible to fit post-petition interest into the exception to § 17 which provides that taxes "legally due and owing by the bankrupt to the United States * * * within three years preceding bankruptcy" are non-dischargeable. Post-petition interest on the tax

---

1. The Supreme Court has indicated that the proper interpretation is that the interest accrued but was barred, rather than that the interest never accrued, as the Second Circuit characterized the situa-

tion. Nicholas v. United States, 384 U.S. 678, 682 n. 9, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). This in no way affects the result reached by the Second Circuit.

claim is by definition "not due and owing" at the time the petition is filed. Sword Line v. Industrial Commissioner of New York, *supra,* 212 F.2d at 868; In re Vaughan, *supra,* 292 F.Supp. at 733.

 Fairness dictates that the IRS be precluded from collecting post-petition interest whenever the pre-petition tax claim is paid in full. As the Supreme Court recently said in holding that the IRS could collect interest on taxes that accrued during post-petition business activities of the debtor, but not on pre-petition taxes:

> "We believe that the decisions of this Court in *Sexton* [v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911)] and [New York v.] *Saper* [336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949)] reflect the broad equitable principle that creditors should not be disadvantaged *vis-a-vis* one another by legal delays attributable solely to the time-consuming procedures inherent in the administration of the bankruptcy laws. * * * In the context of interest-bearing debts, the equitable principle enunciated in *Sexton* and *Saper* rests at bottom on an awareness of the inequity that would result if, through the continuing accumulation of interest in the course of subsequent bankruptcy proceedings, obligations bearing relatively high rates of interest were permitted to absorb the assets of a bankrupt estate whose funds were already inadequate to pay the principal of the debts owed by the estate. * * * " (Nicholas v. United States, 384 U.S. 678, 683–684, 86 S.Ct. 1674, 1679, 16 L.Ed.2d 853 (1966) (Footnotes omitted)

Accordingly, we conclude that the Bankruptcy Court had jurisdiction to enjoin the collection by the IRS of interest which was neither owed nor collectible.

The petition for review is dismissed and the order of the Referee is affirmed.

It is so ordered.