**HUGH H. EBY COMPANY**

v.

**UNITED STATES of America.**

**Civ. A. No. 43491.**

United States District Court,
E. D. Pennsylvania.

Dec. 7, 1970.

Jules Silk, Mesirov, Gelman, Jaffe & Levin, Philadelphia, Pa., for plaintiff.

Theodore B. Stolman, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM OPINION

WEINER, District Judge.

Counter motions for summary judgment bring up for review the question of whether a taxpayer may recover interest paid on federal taxes which accrued between the date when the plaintiff filed a petition in bankruptcy and the time when the Bankruptcy Court entered its order confirming the plaintiff's plan of arrangement. Since the facts

are not in dispute and have been stipulated, there is presented solely an issue of law as to which of these parties is entitled to judgment.

Briefly summarized the stipulated facts indicate that on June 18, 1956, the taxpayer filed a Reorganization Petition under Chapter X of the Bankruptcy Act with the United States District Court for the Eastern District. of Pennsylvania. Subsequently the proceedings were converted into an Arrangement Proceeding under Chapter XI of the Bankruptcy Act. The plan was confirmed by the Court. Under the terms of the confirmation order the taxpayer was obliged to make specified monthly payments in satisfaction of all taxes as "finally determined by the Internal Revenue Service to be due and owing", subject however, to the taxpayer's right to contest the Government's tax claim. All of the liabilities comprising the tax claim and payment of interest during the time interval at issue were then paid. The plaintiff filed claims for refund with the Internal Revenue Service seeking a recovery of the interest which claims were rejected. Thereafter, the present action was instituted.

■■ In restricting the ambit of recovery, well established precedents have established the principle that creditors of a bankrupt are only entitled to submit claims against the bankrupt's estate which include interest to the date of the debtor's petition. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1910); American Iron & Steel Manufacturing Company v. Seaboard Air Line Railway, 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949 (1913). Citing United States v. General Engineering & Manufacturing Company, 188 F.2d 80 (8th Cir. 1951) aff'd per curiam, 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682 (1952) and City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949), the government concedes that the rule prohibiting creditors from filing claims for post-petition interest against a debtor's estate applies equally to Chapter XI proceedings and to interest running on federal taxes. Thus, the United States is prevented from collecting post-petition interest on a tax claim out of the estate of a bankrupt, unless the estate is sufficiently large to satisfy the claims of all creditors in full. The threshold question in this case is whether the government can collect post-petition interest from the assets which a debtor acquires following a discharge in bankruptcy. The answer depends upon the breadth of the Supreme Court's decision in Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). Apparently defendant relies on the opinion in *Bruning* as authority for its position. Plaintiff seeks to distinguish *Bruning* on the ground that its decision is not decisive in this case and points out that the holdings in National Foundry Co. of New York v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956); Sword Line v. Industrial Commissioner of New York, 212 F.2d 865 (2d Cir. 1954) cert. denied 348 U.S. 830, 75 S.Ct. 53, 99 L. Ed. 654 (1954) and Columbia Aircraft Company v. United States, 163 F.Supp. 932 (S.D.N.Y.1958) had established the legal principle that where the taxes have been paid in the bankruptcy proceeding, post-petition interest was not collectible. However, these opinions were prior to that of *Bruning*. The strongest cases in the plaintiff's arsenal are In re Vaughan, 292 F.Supp. 731, 732 (E.D.Ky.1968) and In re Johnson Electrical Corporation, 312 F.Supp. 840, 841 (S.D.N.Y. 1969).[1] In *Vaughan* and *Johnson* the District Courts concluded that the *Bruning* decision supported the position that a taxpayer's personal liability for post-petition interest is limited to only such interest as accrues on the unpaid portion of the tax claim, rather than the interest which might accrue on the entire tax claim. Hence, the plaintiff argues that as it has paid its entire tax obligation the government improperly collected post-petition interest. Defend-

---

1. Appeal pending in Second Circuit.

ant's central theme was and is that the cases in which the plaintiff places its faith were incorrectly decided. It is argued that the court's decision in *Bruning* laid to rest the theory advocated by the taxpayer. The government adopts the view that the *Bruning* decision is the controlling authority for the principle that a taxpayer remains responsible for the payment of post-petition interest.

■ We commence our analysis against the backdrop of the provisions of section 17 of the Bankruptcy Act, 11 U.S.C. § 35 which in relevant part provides that a discharge in bankruptcy shall not release a bankrupt from taxes still due the United States. As previously stated, interest accruing prior to and post bankruptcy proceedings are also collectible. We believe that *Bruning* compels a conclusion that the plaintiff is also responsible for payment for interest which accrued on the government's tax claim between the petition date and the entry of the order of confirmation. In the course of its opinion the Supreme Court in *Bruning*, speaking through its Mr. Chief Justice Warren observed:

> It is undisputed that under § 17, petitioner remained personally liable after his discharge for that part of the principal amount of the tax debt and pre-petition interest not satisfied out of the bankruptcy estate. The courts below held that under § 17, petitioner also remained personally liable for post-petition interest on the tax debt, and we find no substantial reason to reverse that holding. Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought

against the debtor personally. In most situations, interest is considered to be the cost of the use of the amount owing a creditor, and an incentive to prompt payment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary. 376 U.S. at 360, 84 S.Ct. at 907.

We see nothing in this case to distinguish it from the force of the foregoing authority. See In re Oxford Investment Company, 246 F.Supp. 651 (S.D.Cal. 1965).

■ In addition to its motion for summary judgment the United States has also moved to amend its answer to the complaint in order to include a counterclaim. It is alleged that the defendant was unaware of the existence of the counterclaim at the time the answer was filed. Rule 13(f) of the Federal Rules of Civil Procedure provides:

> When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

In response to the government's motion the plaintiff has placed before the court mixed and confusing arguments in support of its objections to the defendant's motion. Initially, the plaintiff, in its motion to amend its complaint admits that a recomputation of the interest which accrued during the pendency of the bankruptcy proceedings was in an amount greater than that claimed in the complaint. The prayer of the plaintiff's petition is to increase the amount of its claim to equalize that which the defendant asserts is the accurate sum of the interest due and owing. It is evident that there is no dispute relative to the actual sum in controversy. Yet the

plaintiff also argues that the defendant's motion should be refused because of undue delay. We do not agree. The amendment does not raise any new issue but relates specifically to the question in issue. It is our conclusion that equity and justice will be served by permitting the United States to amend its answer. The likelihood of prejudice when measured in the light of the plaintiff's admission emphasizes the propriety of the defendant's motion. We are of the belief that the standards of Rule 13(f) are applicable and authorize the grant of the defendant's motion.

Our disposition of the defendant's motions makes it unnecessary to consider the plaintiff's motion to amend its complaint. This would be an exercise in futility.

### ORDER

1. The motion of the United States for summary judgment is granted.

2. The motion of the United States to amend its answer to include a Counter-claim is granted.

3. Judgment is to be entered in favor of the United States against Hugh H. Eby Company, in the sum of $1,006.02 plus statutory additions.

4. The motions filed by the plaintiff for summary judgment and to amend its Complaint are denied.

It is so ordered.