**William G. SCHAFER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. W–4706.**

United States District Court, D. Kansas.

Oct. 16, 1972.

---

15. Mancusi v. Stubbs, 408 U.S. 204, 213, 92 S.Ct. 2308, 2313, 33 L.Ed.2d 293 (1972).

16. *Id.*

Thomas A. Wood, Wichita, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Wichita, Kan., James N. Flaherty and Stephen J. Swift, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF OPINION

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

WESLEY E. BROWN, Chief Judge.

In this action, Schafer sues to recover a sum of money alleged to have been erroneously assessed and collected by the Government. The parties have stipulated to all facts pertinent to the decision, and the case is now before us for determination on briefs.

A brief, but sufficient, summary of that stipulation is as follows:

On February 1, 1958, Schafer filed a petition for bankruptcy in this district. The Government asserted various claims for taxes and interest totalling $48,788.-85. On March 19, 1963, pursuant to the Order confirming the report of the trustee in bankruptcy, the trustee paid to the Government the sum of $48,788.85.

On October 7, 1969, the Government levied upon property belonging to Schafer for sums representing interest on the various claims heretofore described from February 1, 1958 to March 19, 1963. Schafer paid the claims and filed for a refund.

The question before us is whether or not the bankrupt, Schafer, remained personally liable, after having been adjudicated a bankrupt, for interest on tax liability for the period between the date he filed his petition in bankruptcy and the date such tax liability was paid by the trustee.

## CONCLUSIONS OF LAW

The position of the United States with respect to the issue presented is as follows: that by statute,[1] a discharge in bankruptcy does not release the bankrupt from tax liability; that by statute,[2] interest upon any tax shall be treated as a tax; and finally, likewise by statute,[3] claims for taxes may be asserted against the taxpayer bankrupt personally after the termination of the bankruptcy proceedings.

---

[1.] 11 U.S.C. § 35(a). The 1966 Amendment of 11 U.S.C. § 35(a)(1) [P.L. 89–496] which made dischargeable in bankruptcy debts for taxes which became due and owing more than three years preceding bankruptcy has been held not to apply to cases, such as the instant case, wherein the bankruptcy discharge preceded the effective date of the amendment, United States v. Winters, 424 F.2d 113 (CA 5, 1970). The court also found that the 1966 amendment was effective only in proceedings before bankruptcy courts. No contrary position is taken by Schafer, and the 1966 Amendment's effect is not an issue in this case.

[2.] 26 U.S.C. § 6601(f)(1).

[3.] 26 U.S.C. § 6873(a).

With the exception of two cases not cited by Schafer,[4] both parties support their respective positions either by relying upon or distinguishing the same cases.[5]

Schafer places heavy reliance on In re Vaughan; the United States relies upon Bruning v. United States. In *Vaughan*, Chief Judge Swinford stated with respect to the Government's reliance on *Bruning*:

"(The Government) contends that *Bruning* involved the precise issue before this court and that it impliedly overrules *Sword Line* and *National Foundry*. I cannot agree. The Referee correctly ruled that the 'attempt to bring this case within the rule of *Bruning* is misplaced.'

"The distinguishing factor is that in *Bruning* the interest which became a personal debt of the bankrupt was on *unpaid* tax; but in the instant case, the tax was paid in full. The Supreme Court held 'that post-petition interest on an *unpaid* tax debt not discharged by § 17 remains after bankruptcy.' [376 U.S. at 363, 84 S.Ct. 906.] [Emphasis in district court opinion.] A review of the record on appeal to the Supreme Court makes clear that it is only the interest on tax unpaid by the bankruptcy estate which was in issue."

\* \* \* \* \* \*

" . . . Consequently, *Bruning* does not control the case at bar. Nor does it overrule *Sword Line* and *National Foundry*. These two cases are dispositive of the issues before this court."

A completely opposite conclusion was reached by Judge Brewster in Brackeen v. United States. He stated, with respect to the continued vitality of *Sword Line* and *National Foundry* in light of *Bruning*:

"Plaintiff insists that those cases were not overruled and are distinguishable from *Bruning*. Such was the position in two recent district court decisions of In Re Vaughan, D. C.Ky., 292 F.Supp. 731 (1969), and In Re Johnson Electrical Corp., D.C. S.D.N.Y., 312 F.Supp. 840 (1970). Those decisions are heavily relied upon by plaintiff.

\* \* \* \* \* \*

"In the *Bruning* case, the United States was allowed to collect post-petition interest on a portion of a tax debt which had not been paid in the bankruptcy proceedings. It is this factual distinction, of course, upon which plaintiff rests its case. However, basic to the Supreme Court's holding that the interest was collectible was the preliminary determination as to the nature of the post-petition interest. The crucial language was as follows:

'In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and

---

4. United States v. Winters, *supra*, [Note 1] and Poly Industries v. Mozley, 362 F.2d 453 (CA 9, 1966), cert. den. 385 U.S. 958, 87 S.Ct. 393, 17 L.Ed.2d 304.

5. Brackeen v. United States, 330 F.Supp. 68 (N.D.Texas, 1971).
   Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).
   Eby Co. v. United States, 456 F.2d 923 (CA 3, 1972), aff'g 319 F.Supp. 942 (E.D.Pa., 1970).
   Johnson Electrical Corp. v. United States, 442 F.2d 281 (CA 2, 1971), rev'g 312 F.Supp. 840 (S.D.N.Y., 1969).
   National Foundry Co. of N. Y. v. Director, Internal Revenue, 229 F.2d 149 (CA 2, 1956).

New York v. Saper, 336 U.S. 328, 69 S.Ct. 544, 93 L.Ed. 710 (1949).
Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966).
Poly Industries, Inc. v. Mozley, 362 F. 2d 453 (CA 9, 1966), cert. den. 385 U.S. 958, 87 S.Ct. 393, 17 L.Ed.2d 304.
Sword Line v. Industrial Commissioner of N.Y., 212 F.2d 865 (CA 2, 1954), cert. den., 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654 (1954).
United States v. Mighell, 273 F.2d 682 (CA 10, 1959).
United States v. Winters, 424 F.2d 113 (CA 5, 1970).
Vaughan, In re, 292 F.Supp. 731 (E.D. Ky., 1968).

an incentive to prompt payment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason seem to indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

\* \* \* \* \* \*

'Petitioner asserts that the traditional rule which denies post-petition interest as a claim against the bankruptcy estate also applies to discharge the debtor from personal liability for such interest even if the underlaying tax debt is not discharged by § 17. We hold that it does not so apply.' 376 U.S. at p. 362, 84 S.Ct. at p. 908.

"The Supreme Court thus adopted the government's theory that post-petition interest is an 'integral part of the tax' and, therefore, nondischargeable under Section 17 of the Act. At the same time, it squelched any further attempts to use the Saper rule as an argument for dischargeability of the interest. Bruning thereby effectively undermined the decisions both of Sword Line and of National Foundry. Furthermore, the Court had granted certiorari not only because of the potentially recurring nature of the problem but also because of an 'apparent conflict between circuits', specifically citing Mighell. While Bruning involved interest on an unpaid tax debt, Mighell involved interest on a paid tax debt. If plaintiff's argument were correct that Bruning is distinguishable on that basis, there would have been no conflict. Obviously, by affirming the Ninth Circuit's decision in Bruning in favor of the government, [317 F.2d 229 (1963)] the Supreme Court disapproved Mighell. [CA 10]

"As to the two recent district court opinions relied upon by plaintiff, this Court can find no logical reason why either court distinguished Bruning solely upon the ground that it involved interest on an unpaid tax. The decisions in both cases actually rest upon considerations of fairness to the taxpayer. Unfortunately, as pointed out in Bruning, Section 17, 'is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—e.g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe the Congress had a different intention with regard to the personal liability for the interest on such debts.' 376 U.S. at p. 361, 84 S.Ct. at p. 908."

In *Brackeen*, Judge Brewster noted that one of the cases relied upon heavily by the plaintiff therein, In re Johnson Electrical Corporation was on appeal to the Second Circuit. The appellate opinion of *Johnson Electric*, written by Judge Friendly, reverses the district court, and contains the following pertinent language:

"The only basis suggested for disregarding Bruning is that here the entire tax, apparently including pre-petition interest, was paid as a result of the Chapter XI proceeding, whereas in Bruning only a partial payment had been made. In re Vaughan, 292 F. Supp. 731 (E.D.Ky.1968), also sought to diminish the effect of Bruning in this manner, pointing out that scrutiny of the record in that case revealed that a dispute over post-petition interest on the part of the tax claim that was paid in the bankruptcy proceeding had been settled and the appeal involved (and thus determined) only the question of the bankrupt's liability for

post-petition interest on the tax that had been left unpaid. *Contra* Hugh H. Eby Co. v. United States, 319 F. Supp. 942, 943–944 (E.D.Pa.1970). This distinction is not sufficiently substantial to warrant a different result. Either the filing of the petition stops the running of interest on federal tax claims against a bankrupt or it does not. In holding the latter, Bruning made clear that the reasons generally causing disallowance of claims for such interest against the bankrupt estate, to wit, 'the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience.' 376 U.S. at 362, 84 S.Ct. at 909, were inapplicable when a non-dischargeable federal tax claim was asserted against the bankrupt himself. Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed. 2d 853 (1966), relied on by the district court, dealt with the quite different question of allowance of post-petition interest against the bankrupt estate. Far from indirectly undercutting Bruning, the Court was at pains to point out, 384 U.S. at 682 n.9, 86 S.Ct. at 1678–1679 that '[i]t is clear that the interest-bearing quality of the debt is suspended, rather than extinguished, by the filing of a petition in bankruptcy' and that in some circumstances, citing Bruning, 'the accrual of interest may continue during the period of bankruptcy administration.' To be sure, it can be argued that it is unfair to charge a bankrupt with interest during a period when his funds are *in custodia legis*. But often, perhaps even usually, the money is being used by the debtor in possession or the trustee for a useful business purpose and there is thus no real hardship in the bankrupt's having to pay interest on a claim not subject to discharge. In any event the words of 26 U.S.C. § 6873(a) and § 17 of the Bankruptcy Act are too strict to leave room for judicial loosening in the service of a policy that at best is doubtful."

It is likewise noteworthy that the district court case of Eby Company v. United States (Footnote 5, *supra*) mentioned by Judge Friendly as contra to In re Vaughan, has been affirmed very recently by the Third Circuit. Judge Adams, writing for that Court, stated:

"The Eby Company urges that the district court erred in applying Bruning because that case is factually distinguishable in two regards: (1) that the taxes were paid in full here whereas they were not so paid in Bruning, and (2) that the Supreme Court in Bruning considered the liability for all post-petition interest whereas here only liability for post-petition, pre-confirmation interest is at issue. However, in Bruning, the Supreme Court held that all post-petition interest, including interest accrued during the pendency of the bankruptcy proceeding, could be collected by the Government from after-acquired assets of the debtor. A *fortiori*, post-petition, pre-confirmation interest is also collectible. The Supreme Court also held that merely because the Government filed a proof of claim in bankruptcy, and received some payment out of the debtor's bankrupt estate, it was not thereby barred from collecting post-petition interest. That the underlying taxes were later paid in full here does not affect the fact that appellant had the use of the Government's money during the pendency of the reorganization proceeding, and that since the underlying debt is not discharged by operation of Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1964), neither is the interest which accrues by reason of the use of such money during the pendency of the proceedings. See 376 U.S. at 360, 84 S.Ct. 906, 11 L.Ed.2d 772.

Appellant argues, however, that the purpose of the Bankruptcy Act is to allow the debtor a fresh start in life, and that to 'permit the Government to collect amounts over and above those prescribed by the court is an undue and unfair burden on [the successor]

corporation, which thought it assumed fixed and known obligations' when it purchased the debtor's assets as part of the arrangement plan. However, in Bruning, the Supreme Court stated that regardless of the purpose of the Act, Section 17 indicated a 'congressional judgment that certain problems —e.g., those of financing government —override the value of giving the debtor a fresh start,' 376 U.S. at 361, 84 S.Ct. at 908. (footnote omitted)."

It is apparent, in our opinion, that In re Vaughan now stands alone with respect to its interpretation of the Supreme Court's decision in Bruning v. United States. Schafer, the plaintiff, urges us to follow the *Vaughan* Court and find that *Bruning* must be confined to its particular factual setting, and that by using the words "unpaid tax", the Supreme Court in *Bruning* was, by implication, saying that interest on a "paid tax" does not remain a personal liability of the otherwise discharged bankrupt-debtor. We disagree with this analysis.

The limits of the *Bruning* decision were discussed by the Supreme Court in Nicholas v. United States,[6] wherein the Court said:

> "It is a well-settled principle of American bankruptcy law that in cases of ordinary bankruptcy, *the accumulation of interest on claims against a bankrupt estate is suspended* as of the date the petition is filed. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244.[9] That rule, grounded in

9. Cf. Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663. It is clear that the interest-bearing quality of the debt is suspended, rather than extinguished, by the filing of a petition in bankruptcy. In certain circumstances not here relevant, the accrual of interest may continue during the period of bankruptcy administration. Cf. Bruning v. United States (citation omitted). 3 Collier on Bankruptcy 1858 et seq. (14th Ed., 1964)." [Emphasis ours.]

historical considerations of equity and administrative convenience, was spe-

cifically made applicable to the accumulation of interest on claims for taxes by the decision of this Court in New York v. Saper, 336 U.S. 328, 69 S.Ct. 544, 93 L.Ed. 710.

■ *Bruning*, we conclude, holds that post-petition interest on an unpaid tax debt is not discharged by Section 17 and remains a personal liability of the debtor after bankruptcy.

One matter remains for discussion. Schafer contends that the Tenth Circuit case of United States v. Mighell,[7] was not expressly disapproved by *Bruning* and that the factually-limited holding of *Bruning* requires us to follow *Mighell*. While it is true that the Supreme Court did not in specific words "expressly disapprove" *Mighell* it is clear that it decided *Bruning* to resolve an "apparent conflict between circuits" [*Bruning*, CA 9, and *Mighell*, CA 10] and that the Ninth Circuit's view of the question of personal liability for post-petition interest was affirmed. Whether or not such an action constitutes "express disapproval" seems to us a question of legal semantics, the resolution of which is not necessary to the decision in this case. Suffice it to say that if *Mighell* could have controlled this case at the time of its writing, *Bruning* now controls, and we are bound to follow it.

■ In summary, we find that under the facts of this case, interest on the taxes owed by Schafer continued to accrue after the filing of his petition in bankruptcy; that by statute, such interest became a tax; that payment in full of the tax liability (less interest) by the trustee at the time of discharge did not release Schafer from personal liability in an action for recovery of the interest. Accordingly,

It is ordered that the United States' motion for Summary Judgment be granted and that Schafer's motion for Summary Judgment be Denied.

6. Nicholas, *Ibid.*

7. United States v. Mighell, *Ibid.*