Howard Elzie **BRACKEEN**

v.

**UNITED STATES of America.**

**Civ. A. No. 4–1190.**

United States District Court,
N. D. Texas,
Fort Worth Division.

June 10, 1971.

Theodore Mack, Fort Worth, Tex., for plaintiff.

William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., Daniel Penner, Trial Atty., Dept. of Justice, Tax Department-Refund Section, Dallas, Tex., for the Government.

MEMORANDUM OPINION

BREWSTER, District Judge.

Plaintiff taxpayer, Howard Elzie Brackeen, seeks a refund of $299.62, assessed and collected as interest on federal withholding, unemployment and social security taxes. The case is submitted on stipulated facts. Plaintiff's right to recover hinges upon the answer to the following legal question: whether payment in full by a trustee in bankruptcy of a federal tax debt prevents accrual of interest on that debt between date of bankruptcy and date of payment of the claim and bars collection of such interest from the taxpayer's assets acquired after his discharge in bankruptcy. More precisely, the issue is whether such interest is discharged by payment of the principal amount of the debt.

Briefly summarized, the stipulated facts show that on May 22, 1964, plaintiff and Robert Lee Parker, doing business as Brackeen and Parker Electric Company, filed voluntary petitions in bankruptcy in the United States District Court for the Northern District of Texas at Fort Worth, Texas. On the same date, they were adjudged bankrupts. The schedules filed by the bankrupts set up liability to the United States for social security and withholding taxes for the second quarter of 1964 in the amount of $609.49 and for federal unemployment taxes for 1964 in the amount of $152.13. Taxpayer timely filed with the District Director of Internal Revenue final employment tax returns for the second quarter of 1964 reflecting the taxes due as scheduled. The United States filed its notice of tax lien with the County Clerk's Office, Tarrant County, Texas, on June 30, 1964.

On November 16, 1964, defendant filed claim No. 13 in the bankruptcy proceedings for $703.10 for the taxes. On August 12, 1965, defendant filed claim No. 17 for $1,335.04 in taxes as an amendment to the earlier claim. On May 10, 1968, the Referee in Bankruptcy entered an order allowing claim No. 17 as entitled to the priority provided in Section 64a(4) of the Bankruptcy Act, 11 U.S.C., Section 104. On the same date, the Trustee issued a warrant to the United States payable in the full amount of the claim.

The amended claim as filed and paid did not include interest for the period between the date of filing of the petition in bankruptcy and date of payment. In August of 1968, defendant notified plaintiff of the accrual of such interest in the amount of $297.12 and for an additional amount of $2.50 representing a lien release fee. Taxpayer thereafter paid the total amount demanded of $299.-62 out of funds acquired after his discharge in bankruptcy. He filed this suit after his claim for refund was disallowed.

Neither the allowability nor the dischargeability of post-petition interest on tax debts is covered by the Bankruptcy Act. The allowability question, however, was settled at an early date by the United States Supreme Court in City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949). As to other debts, the long-standing general rule of bankruptcy practice had been that interest would be allowed only to the date of the filing of the bankruptcy petition. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1910). The reasons for this rule were administrative convenience and the avoidance of unfairness as between competing creditors. See American Iron and Steel Mfg. Co. v. Seaboard Airline R. Co., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949 (1913). In Saper, the Court extended the general rule to encompass tax claims, holding that post-petition interest on such claims was not payable out of the bankrupt estate.

The United States contends that the dischargeability issue was finally determined in Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). It argues that Bruning controls the instant case and that the Court there overruled *sub silentio* a line of lower court decisions relied upon by plaintiff taxpayer, including Sword Line v. In-

dustrial Comm'r. of New York, 2 Cir., 212 F.2d 865 (1954), and National Foundry Co. v. Director of Internal Revenue, 2 Cir., 229 F.2d 149 (1956). United States v. Mighell, 10 Cir., 273 F.2d 682 (1959), must also be considered with Sword Line and National Foundry because it is virtually indistinguishable from those decisions. In each of the three cases, the courts denied collection of post-petition interest on tax debts which had been paid in the course of bankruptcy proceedings.

Plaintiff insists that those cases were not overruled and are distinguishable from Bruning. Such was the position in two recent district court decisions of In re Vaughan, D.C.Ky., 292 F.Supp. 731 (1969), and In re Johnson Electrical Corp., D.C.S.D.N.Y., 312 F.Supp. 840 (1970).[1] Those decisions are heavily relied upon by plaintiff.

Section 17 of the Bankruptcy Act, 11 U.S.C., Section 35, specifically makes tax debts non-dischargeable in bankruptcy. Thus, the foundation for the government's quest for continuing personal liability for post-petition interest is that such interest is actually a part of the tax itself and excepted from discharge by Section 17 of the Act. Conversely, the taxpayer's theory is that the interest should be treated separately under the Act. It is with these opposing concepts in mind that the authorities must be analyzed.

The taxpayer's theory prevailed in Mighell, where the Tenth Circuit simply held that the post-petition interest was dischargeable since not specifically made non-dischargeable by Section 17 of the Bankruptcy Act. In Sword Line, the Second Circuit flatly rejected the government's argument for "complete assimilation" of the post-petition interest to the tax debt. In National Foundry

the Second Circuit attempted in vain to characterize the nature of post-petition interest, finally concluding that it was immaterial whether the interest ceased to accrue or whether it accrued but was barred.[2] The Court relied upon Sword Line and the rule in Saper to hold that the interest was simply "uncollectible" for all time.

In the Bruning case, the United States was allowed to collect post-petition interest on a portion of a tax debt which had not been paid in the bankruptcy proceedings. It is this factual distinction, of course, upon which plaintiff rests its case. However, basic to the Supreme Court's holding that the interest was collectible was the preliminary determination as to the nature of the post-petition interest. The crucial language was as follows:

"In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt payment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason seem to indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

\* \* \* \* \* \*

Petitioner asserts that the traditional rule which denies post-petition interest as a claim against the bankruptcy estate also applies to discharge the debtor from personal liability for such interest even if the underlaying tax debt is not discharged by § 17. We hold that it does not so apply." 376 U.S. at p. 362, 84 S.Ct. at p. 908.

1. Appeal is pending in the Second Circuit.

2. It is now clear that the interest is merely suspended and not altogether extinguished. Nicholas v. United States, 384 U.S. 678, 682, n. 9, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). Accrual continues

under many circumstances, such as the ultimate solvency of the bankrupt. Thus, it is helpful to treat suspension as the exception and accrual as the usual rule. See discussion in 3 Collier on Bankruptcy 1859.

The Supreme Court thus adopted the government's theory that post-petition interest is an "integral part of the tax" and, therefore, non-dischargeable under Section 17 of the Act. At the same time, it squelched any further attempts to use the Saper rule as an argument for dischargeability of the interest. Bruning thereby effectively undermined the decisions both of Sword Line and of National Foundry. Furthermore, the Court had granted certiorari not only because of the potentially recurring nature of the problem but also because of an "apparent conflict between circuits", specifically citing Mighell. While Bruning involved interest on an unpaid tax debt, Mighell involved interest on a paid tax debt. If plaintiff's argument were correct that Bruning is distinguishable on that basis, there would have been no conflict. Obviously, by affirming the Ninth Circuit's decision in Bruning in favor of the government,[3] the Supreme Court disapproved Mighell.

As to the two recent district court opinions relied upon by plaintiff, this Court can find no logical reason why either court distinguished Bruning solely upon the ground that it involved interest on an unpaid tax. The decisions in both cases actually rest upon considerations of fairness to the taxpayer. Unfortunately, as pointed out in Bruning, Section 17 "is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—e. g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe the Congress had a different intention with regard to the personal liability for the interest on such debts." 376 U.S. at p. 361, 84 S.Ct. at p. 908.

No one questions the bankrupt's continuing personal liability for any portion of a tax debt and pre-petition interest not allowed and paid out of the estate by the trustee. Payment of a portion of the principal cannot discharge liability for the balance. The Court is of the opinion that the same holds true for post-petition interest, that such interest is not discharged by payment of the principal debt, and that it is collectible out of the after-acquired assets of the debtor. Accord, Hugh Eby Co. v. United States, E.D.Pa., 319 F.Supp. 942 (1970); In re Oxford Investment Co., D.C.Cal., 246 F.Supp. 651 (1965).

Plaintiff is not entitled to its refund, and judgment will be entered in accordance with this opinion, which will serve as the Court's findings of fact and conclusions of law under Rule 52(a), F.R. Civ.Ap.