**HUGH H. EBY CO., Appellant,**

v.

**UNITED STATES of America.**

**No. 71-1200.**

United States Court of Appeals, Third Circuit.

Argued Feb. 15, 1972.

Decided March 22, 1972.

Harvey N. Shapiro, Mesirov, Gelman, Jaffe & Levin, Philadelphia, Pa. (Frank

H. Gelman, Jules Silk, Philadelphia, Pa., on the brief), for appellant.

Karl Schmeidler, Dept. of Justice, Tax Div., Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., Louis C. Bechtle, U. S. Atty., on the brief), for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

In this case, a taxpayer, Hugh H. Eby Co., brought suit for a refund of interest paid on a tax liability accrued during the period when the taxpayer's predecessor was undergoing reorganization pursuant to Chapters X and XI of the Bankruptcy Act.

The taxpayer contends that although its federal tax liability survived the reorganization, interest thereon was suspended during the reorganization period, and therefore it is not liable for such interest. The Government, on the other hand, contends that after the plan of arrangement had been confirmed, the taxpayer is liable for interest accruing during the pendency of reorganization proceedings on a tax liability not discharged by such proceedings.

In June, 1956, the taxpayer filed a petition for reorganization under Chapter X of the Bankruptcy Act. Subsequently, the proceedings were converted into an arrangement under Chapter XI of the Act, and a plan of arrangement was confirmed by the district court in May, 1958.[1] During the arrangement proceedings, the United States filed a proof of claim for pre-petition income taxes and other taxes plus interest. Under the terms of the order confirming the plan, the taxpayer was to make monthly payments to the United States in satisfaction of all taxes due and owing, plus statutory interest, subject to the taxpayer's "right to contest the tax claim," including liability for post-petition, pre-confirmation interest on the outstanding tax claim.

The monthly payments were made according to the plan until the taxpayer and the Government modified the amount of the installments. In November, 1964, the United States made a demand for post-petition, pre-confirmation interest in the amount of $22,785.15. This sum was paid in monthly installments, subject to the taxpayer's right to contest the liability. After the claim for interest was paid, the taxpayer filed timely requests for refund, and upon rejection, instituted this suit.

The district court, on cross motions for summary judgment, relying on Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), granted defendant's motion, allowing the United States to recover the interest out of assets acquired by the debtor subsequent to the confirmation of the arrangement. The court also allowed the United States to file a counterclaim based upon a recomputation of the interest, and denied appellant's motion to amend its complaint accordingly on the ground that in view of the disposition of the case, such amendment would be an exercise in futility. 319 F.Supp. 942 (E.D.Pa.1970).

Appellant, Eby Company, relies on the propositions that the bankruptcy estate of a debtor is not liable for post-bankruptcy interest,[2] that where a tax claim is paid in full the debtor is not personally liable for interest accruing during the

---

1. According to the plan, a new company was formed and purchased the assets of Hugh H. Eby Co., the debtor, which became a wholly owned subsidiary of the new company. Later, the companies were merged, and the surviving company acquired the name Hugh H. Eby Co.

2. United States v. General Engineering & Mfg. Co., 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682 (1952) ; Sward Line v. Industrial Commissioner of New York, 212 F.2d 865 (2d Cir.), cert. denied, 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654 (1954).

bankruptcy,[3] that this Court has adopted a similar position,[4] and that Bruning v. United States, *supra,* is factually distinguishable from this case.

■ We do not disagree with the general precept that post-petition interest on a federal tax claim may not be collected out of the debtor's estate in bankruptcy. *See* In re Quakertown Shopping Center, Inc., supra, n. 4. However, this is not such a case. Rather, the United States here is attempting to collect such interest from assets acquired by the taxpayer subsequent to the confirmation of the plan of arrangement.

Appellant contends, on the basis of the cases cited in footnote 3, supra, that the operation of the Bankruptcy Act precludes the Government from recovering such interest. We note that one of the cases primarily relied upon by the Eby Company, In re Johnson Electric Co., 312 F.Supp. 841 (S.D.N.Y.1970), has been reversed by the Second Circuit. 442 F.2d 281 (1971). In *Johnson Electric,* Judge Friendly, writing for a unanimous court, analyzed the *Bruning* case, and concluded that the Supreme Court had disapproved the reasoning of the earlier Second Circuit cases, such as National Foundry Co. v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956), upon which appellant here relies.

■ The Eby Company urges that the district court erred in applying *Bruning* because that case is factually distinguishable in two regards: (1) that the taxes were paid in full here whereas they were not so paid in *Bruning,* and (2) that the Supreme Court in *Bruning* considered the liability for all post-petition interest whereas here only liability for post-petition, pre-confirmation interest is at issue. However, in *Bruning,* the Supreme Court held that *all* post-petition interest, including interest accrued during the pendency of the bankruptcy proceeding, could be collected by the Government from after-acquired assets of the debtor. A *fortiori,* post-petition, pre-confirmation interest is also collectible. The Supreme Court also held that merely because the Government filed a proof of claim in bankruptcy, and received some payment out of the debtor's bankrupt estate, it was not thereby barred from collecting post-petition interest. That the underlying taxes were later paid in full here does not affect the fact that appellant had the use of the Government's money during the pendency of the reorganization proceeding, and that since the underlying debt is not discharged by operation of Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1964), neither is the interest which accrues by reason of the use of such money during the pendency of the proceedings. *See* 376 U.S. at 360, 84 S. Ct. 906, 11 L.Ed.2d 772.

Appellant argues, however, that the purpose of the Bankruptcy Act is to allow the debtor a fresh start in life, and that to "permit the Government to collect amounts over and above those prescribed by the court is an undue and unfair burden on [the successor] corporation, which thought it assumed fixed and known obligations" when it purchased the debtor's assets as part of the arrangement plan. However, in *Bruning,* the Supreme Court stated that regardless of the purpose of the Act, Section 17 indicated a "congressional judgment that certain problems—*e. g.,* those of financing government—override the value of giving the debtor a fresh start," 376 U.S. at 361, 84 S.Ct. at 908 (footnote omitted). And the amount of interest due and owing to the United States was a "fixed and known" obligation. That the debtor's successor may have misconstrued the law and assumed that the debtor had no personal liability

---

3. National Foundry Co. v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956) ; In re Johnson Electrical Corp., 312 F.Supp. 841 (S.D.N.Y.1970), rev'd 442 F.2d 281 (2d Cir. 1971) ; In re Vaughn fr., 292 F.Supp. 731 (E.D.Ky. 1968).

4. In re Quakertown Shopping Center, Inc., 366 F.2d 95 (3d Cir. 1966).

for such amount when it purchased the assets hardly renders the subsequent collection of such interest an "undue and unfair burden."

█ The next assertion of the Eby Company is that subsequent amendments to the Bankruptcy Act have provided that certain federal tax claims are now dischargeable,[5] and that it would be anomalous to allow recovery of interest where the underlying tax liability would be discharged by the confirmation of the plan of arrangement. However, such was not the law at the time this arrangement was confirmed, and according to the Act in force at that time, the district court's order did not discharge the tax claim. In any event, application of the new statute would not completely discharge the tax liability here, but only reduce its scope. Further, whether a different result might be compelled by application of the amended act is not controlling, as we must apply the statute as it existed when the rights and liabilities of the parties were fixed.

Finally, we note that In re Quakertown Shopping Center, Inc., 366 F.2d 95 (3d Cir. 1966), is not inconsistent with the result reached here, despite the language in that opinion on page 98. Our holding here applies solely to post-petition interest claims payable out of assets acquired after confirmation of the plan of arrangement, whereas the holding in *Quakertown Shopping Center* is applicable to post-petition interest claims sought to be collected out of the bankruptcy estate, where different considerations are applicable. *See* Bruning v. United States, 376 U.S. at 362–363, 84 S.Ct. 906, 11 L.Ed.2d 772.

Because of the disposition we make of this case, we affirm the district court's ruling with regard to appellant's motion to amend its complaint.

The judgment of the district court will be affirmed.

5. Section 17 now provides that a discharge in bankruptcy shall release the bankrupt, under certain circumstances, from taxes which became legally due and owing more than three years preceding bankruptcy.