In the Matter of Myrle L. NITSCHE, Debtor.

FIRST NATIONAL BANK OF BUTLER, Plaintiff,

v.

Myrle L. NITSCHE, Mrs. Myrle L. (Bonnie) Nitsche, and Charles Elliot Rubin, trustee in bankruptcy, Defendants.

Bankruptcy No. 81–00681–3.
Adv. Action No. 81–0448–3.

United States Bankruptcy Court,
W. D. Missouri, W. D.

June 1, 1981.

Michael H. Berman, Kansas City, Mo., for plaintiff.

Darold W. Jenkins, Independence, Mo., for defendants.

## FINAL JUDGMENT OF DISMISSAL OF THE COUNTERCLAIM OF THE DEFENDANTS NITSCHE AGAINST THE PLAINTIFF FIRST NATIONAL BANK OF BUTLER

DENNIS J. STEWART, Bankruptcy Judge.

The claim of the plaintiff in this action has previously been resolved by the entry of an order on March 26, 1981, granting the complaint for relief from the automatic stay. Now before the court for resolution on a motion for summary judgment of dismissal is the counterclaim of the defendants Nitsche against the plaintiff.

Count I of the counterclaim is to the effect that, on March 29, 1977, Myrle L. Nitsche and R. Clydene Nitsche executed a note in the sum of $100,000.00 payable on demand to the First National Bank of Butler; that the note was "signed by Myrle L. Nitsche at the specific request of Paul Buerge, President, First National Bank of Butler, Missouri"; "that neither Myrle L. Nitsche nor R. Clydene Nitsche received any consideration or thing of value for the execution and delivery of said note"; that, on April 7, 1977, the same Nitsches again executed a demand promissory note to the plaintiff in the sum of $200,640.78; "that on April 7, 1977, Myrle R. Nitsche and R. Clydene Nitsche were justly indebted to said bank in the principal sum of $40,849.50"; that "on April 7, 1977, the First National Bank of Butler, Missouri, acting by and through Paul Buerge, willfully and wrongfully, and without the knowledge and consent of Myrle L. Nitsche and R. Clydene Nitsche, merged and consolidated into the principal sum of the note dated April 7, 1977, the sum of $100,000.00 which Myrle L. Nitsche and R. Clydene Nitsche did not lawfully owe said bank on said date"; that "on June 19, 1979, Myrle L. Nitsche was not lawfully indebted to the First National Bank of Butler, Missouri, in the principal sum of $284,171.61"; and that "by reason of the willful and wrongful conduct of the said bank as aforesaid, Myrle L. Nitsche was caused to sustain actual pecuniary losses and damages in the sum of $10,500.00." On

the basis of these allegations, the sum of $10,500.00 actual damages and $200,000.00 punitive damages is prayed for.

Count II contains allegations that, in a civil action in the Circuit Court of Bates County, *First National Bank of Butler v. Myrle L. Nitsche and R. Clydene Nitsche,* Civil Action No. CV179–70CC, the sheriff of Bates County filed a return of service on May 21, 1979, stating that summons had been served upon Myrle L. Nitsche on May 19, 1979, when "personal service on summons on Myrle L. Nitsche and R. Clydene Nitsche was not accomplished on May 19, 1979, but was in fact accomplished on May 21, 1979"; that, accordingly, "on June 19, 1979, the Circuit Court of Bates County, Missouri did not have jurisdiction over the person or property of Myrle L. Nitsche for the reason that a full period of some thirty (30) days had not elapsed in the period from May 21, 1979, and June 19, 1979, excluding the day of service, as provided by Rule 44.01 of the Missouri Supreme Court Rules of Civil Procedure"; and that, therefore, the judgment entered in the Circuit Court of Bates County for the First National Bank of Butler and against Myrle L. Nitsche and R. Clydene Nitsche in the principal sum of $284,171.61, plus attorney's fees in the sum of $15,000.00 "is void for want of jurisdiction over the person and property of Myrle L. Nitsche or R. Clydene Nitsche." Therefore, the defendants Nitsche pray for a declaratory judgment of this court to the effect that "the Judgment entered on June 19, 1979, in Case No. CV179–70CC, Circuit Court of Bates County, Missouri, in favor of the First National Bank of Butler, Missouri, and against Myrle L. Nitsche (is) void for want of jurisdiction, and for such other and further orders and decrees as the Court shall deem proper and necessary."

The plaintiff First National Bank of Butler has now filed a written motion to dismiss the counterclaim as *res judicata.* In support of that motion, the plaintiff has produced a copy of a "crossclaim against the First National Bank of Butler, Missouri" which was filed in Civil Action No. CV79–126CC in the Circuit Court of Bates County, Missouri. In Count I of that cross-claim, it is alleged that the bank caused a deed of trust to be recorded together with a note dated March 31, 1977, in the sum of $100,000.00 purporting to have been executed to the bank by Myrle L. Nitsche "and his now deceased wife." The defendant Myrle L. Nitsche then states that the deed of trust and note are invalid; that "Myrle L. Nitsche did not sign, execute or deliver said deed of trust to the First National Bank of Butler, Missouri, or any agent, officer or employee thereof, on March 31, 1977, or any other date; that said deed of trust is not the voluntary act and deed of Myrle L. Nitsche or his duly authorized agent or employee; that said deed of trust is not a valid lien against the land described therein"; and that, therefore, "(t)he execution and recording of said alleged deed of trust was the willful and wrongful act and deed of The First National Bank of Butler, Missouri, acting by and through its duly authorized agents and employees." At the conclusion of the crossclaim, Myrle L. Nitsche prays, *inter alia,* for his "actual pecuniary damages sustained by reason of the willful and wrongful conduct of the agents and employees of said bank" and for "exemplary damages not to exceed $350,-000.00."

In Count II of the same crossclaim, it is alleged that "(o)n or about June 22, 1979, the Circuit Court for Bates County, Missouri, acting by and through Harold A. Kyser, Circuit Judge, in Case No. CV179–70CC, entered an Interlocutory Judgment by Default against Myrle L. Nitsche and his now deceased wife and in favor of the First National Bank of Butler, Missouri, in the principal sum of $284,171.61 plus attorney fees, costs, (and) interest"; that "(t)he Judgment entered by Judge Harold A. Kyser on June 22, 1979 in case No. CV179–70CC was and is void for want of procedural and substantial due process of law," *inter alia;* and that the defendant Myrle L. Nitsche should therefore recover from the First National Bank of Butler, *inter alia,* "his actual pecuniary damages sustained by reason of the willful and wrongful act and deed of said bank as aforesaid" and "exemplary

damages not to exceed $500,000.00." In answering the allegations of both Counts I and II in the state court proceedings, the First National Bank of Butler, *inter alia*, denied the material factual averments and further stated that:

> "on the 19th day of June, 1979, judgment was entered in Case No. CV179–70CC in the Circuit Court of Bates County, Missouri, against this defendant Nitsche ... (and) all of the issues contained in Count II of Defendant's crossclaim against the First National Bank have been determined and the defendant is precluded by collateral estoppel and res judicata from now again litigating said issues."

According to the copies of the records of the Circuit Court of Bates County which have been presented to this court by the plaintiff in conjunction with its motion for summary judgment of dismissal, the Circuit Court of Bates County entered its "judgment entry" on January 7, 1981, to the effect that:

> "In the matter of defendant Myrle L. Nitsche's Counterclaim against Defendant First National Bank, the Court finds the issues in favor of Defendant First National Bank and against Defendant Nitsche."

The plaintiff has also attached to its motion for a summary judgment of dismissal a copy of the judgment of the Circuit Court of Bates County rendered on June 22, 1970, in Civil Action No. CV179–70CC in favor of the First National Bank of Butler and against Myrle L. Nitsche and Clydene Nitsche in the "sum of $284,171.61 together with interest at the rate of 10% per annum as above provided and ... an attorney's fee of $15,000.00 and the costs of this action." Papers are also appended to the motion showing that, on March 26, 1980, the Missouri Court of Appeals, Western District, entered its order dismissing the appeal from that judgment.

In responding to the plaintiff's motion for summary judgment of dismissal, the defendants do not make any contention that the documents representing the state court proceedings are not genuine or authentic; rather, they assert, seemingly, that the judgments of the state courts are erroneous.[1]

But, in applying the doctrine of *res judicata*, "to be valid a judgment need not be free from error. If, whenever a judgment were called in question, the court in this proceeding could review the matter previously adjudged to determine whether there had been error, a judgment would have no finality; immortal litigation would overcome mortal man; and the sound principle of fundamental repose, which underlies res judicata, would be subverted." 1B Moore's Federal Practice para. 0.405(4.–1), pp. 635, 636 (1980). By virtue of the unchallenged copies of the records of the Circuit Court of Bates County, the plaintiff has demonstrated that, in that action, as in this one, the defendant Myrle L. Nitsche raised two fundamental issues: (1) the in-

---

1. Generally, the defendants Nitsche argue in their brief that they do "not quarrel with the authorities cited by counsel for the Bank relating to the judicial doctrine of Res Judicata. What counsel for Debtor does contend is that the doctrine does not apply to the Counterclaims now before this Honorable Court for the reason that those claims have never been litigated before a fair and impartial court having jurisdiction over the Debtor and his causes of action against the Bank .... Counsel for Debtor sought to litigate these questions to a Henry County jury on December 18, 1980, but was prevented from so doing by Judge James Bradley, Associate Circuit Judge from Bates County, Missouri .... in Count II of his Counterclaim against said Bank, Debtor is not seeking damages from said Bank; Debtor seeks only the Order of the Court voiding the default judgment entered by Judge Harold A. Kyser on June 19, 1979 ... This Honorable Court has equitable jurisdiction by virtue of the provisions of Section 1481, 28 U.S.C., and in Count II of Debtor's Counterclaim against the Bank, Debtor addresses the equity jurisdiction of this Honorable Court." But the standard rule is that, in respect of jurisdiction as well as on other issues, a court's determination is *res judicata*. See 1B Moore's Federal Practice para. 0.405(5), p. 655 (1980). And a judgment rendered by a judge who directs a verdict rather than let a case go to jury determination is nevertheless a final judgment for the purposes of *res judicata*. And, as noted in the text of this memorandum, the defendants Nitsche do not appear to request avoidance of a judgment lien under section 522 or 547 of the Bankruptcy Code.

validity of the deed of trust and note for $100,000, primarily on the grounds that there was no voluntary execution of them[2] and (2) the invalidity for want of due process of the prior judgment of the Circuit Court of Bates County. Further, it has been shown that both of the issues have been the subjects of final appealable judgments of the Circuit Court of Bates County.[3] There is no question of the identity of the parties in that action and in this one. It is therefore more than clear that the requisites for the application of the doctrine of res judicata have been met. See, e. g., *Stevenson v. International Paper Company*, 516 F.2d 103, 108 (5th Cir. 1975), to the effect that, in order to invoke the doctrine of res judicata, "(1) . . . the prior judgment must have been rendered by a court of competent jurisdiction; (2) . . . there must have been a final judgment on the merits; (3) . . . the parties, or those in privity with them, must be identical in both suits; and (4) . . . the same cause of action must be involved in both suits." The papers before the court establish all too convincingly and without cavil all of these elements.[4] Although, in some respects,[5] the issues have been more specifically and sharply drawn in the complaints made in this court than in the state court, they are still claims for (1) invalidation of the $100,000 note and deed of trust and damages therefor and (2) invalidation of the former judgment of the Circuit Court of Bates County. The species of lack of consideration and noncompliance with Rule 44.01 of the Missouri Rules of Civil Procedure are peculiar to the counterclaim asserted in the action at bar. But this does not serve to present a different claim in this action at bar. See 1B Moore's Federal Practice para. 0.410(2), pp. 1163–1164 (1980), to the following effect:

"Normally, if a previous judgment is valid, final, on the merits and on the same cause of action, it is an absolute bar in another action between the same parties or privies 'not only in respect of every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented.' This application of the principle of res judicata operates 'to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits.' "

Accordingly, for the foregoing reasons, it is hereby

ADJUDGED that the plaintiff's motion for summary judgment on the defendants' counterclaim be, and it is hereby, granted. Accordingly, it is hereby

ADJUDGED that the defendants' counterclaim against the plaintiff be, and it is hereby, dismissed. It is to be noted that the defendant Nitsche has not requested in this action the avoidance of a judicial lien and, therefore, this court does not purport currently to issue any ruling on that matter which may be brought up in the future.

---

2. The defendants state conclusionarily that the judgments are interlocutory. But they do not appear to be so. The defendants elsewhere admit in the pleadings that the judgments are appealable.

3. See note 2, *supra*.

4. See notes 1 and 2, *supra*.

5. As is noted in the text of this memorandum, the claims in this court are more specifically drawn than in the state court.