In the Matter of FINANCIAL CORPORATION, Bankrupt.

D. W. GILMORE, Trustee in Bankruptcy, Petitioner,

v.

INTERNAL REVENUE SERVICE, Respondent.

Bankruptcy No. 75B–1623–W–4.

United States Bankruptcy Court, W. D. Missouri, W. D.

March 5, 1982.

As Amended April 20, 1982.

Stephen B. Strayer, Kansas City, Mo., for petitioner.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., for respondent.

FINAL DECREE AND JUDGMENT DECLARING THE PETITIONER TRUSTEE IN BANKRUPTCY NOT SUBJECT TO THE PERSONAL HOLDING COMPANY TAX FOR THE TAX YEAR 1980

DENNIS J. STEWART, Bankruptcy Judge.

This court formerly, on September 11, 1981, entered its order directing the respondent to show cause in writing why the petitioner trustee in bankruptcy should not be declared not to be subject to the personal holding tax defined in § 542(a)(2), Title 26, United States Code. This show cause order was a form of process designed to elicit the relevant factual and legal contentions of the respondent.[1]

After the granting of several enlargements of time for the filing of a response,[2]

---

1. "[A]n order to show cause [is] merely in the nature of process ..." 2 Collier on Bankruptcy ¶ 24.39, p. 796 (1976). And, in adversary proceedings under the former Bankruptcy Act, "[t]he referee may make the essential investigation ... and for such purpose may cite the claimant to show cause." Id., ¶ 23.07, p. 524 (1976).

2. Under the terms of the order of September 11, 1981, the respondent's response was due within 20 days. On request of the respondent, however, extensions of time were granted to

the respondent filed its written response on December 31, 1981. Therein, it did not take any issue with the material facts which had been stated in the show cause order as follows:

> "It appears from the files and records in this case that assets have been collected in this estate totaling in excess of $1,685,-859.26, of which $284,618.83 has been disbursed, leaving a total cash on hand, invested in interest bearing accounts, of $1,401,240.43; that all income in this estate during the administration of this bankruptcy has come from the deposit of the funds noted above in interest bearing accounts under the direction of the bankruptcy court and that the trustee therefore requests that the court of bankruptcy, pursuant to the provisions of § 2(2A) of the Bankruptcy Act, determine, for the current tax year of 1980, income tax due on the income from the amounts invested in interest bearing accounts and the personal holding company status of the bankruptcy estate in accordance with § 542(a)(2) of the Internal Revenue Code of 1954, as amended in the regulations promulgated thereunder."

Therefore, these facts, in the material respects, are hereby found to be the relevant facts of this matter.[3]

The issue made by the respondent in its written response on the legal contention that the exemption to the personal holding company tax which is afforded to bankruptcy estates by the Bankruptcy Tax Act of 1980 does not apply to this case. The respondent reasons as follows:

> "The Bankruptcy Tax Act of 1980 amended section 542 by adding section 542(c)(9), which provides that a corporation subject to the jurisdiction of the Court in a Title 11 or similar case is not a personal holding within the meaning of section 542(c). Section 542(c)(9) applies to all bankruptcy proceedings commencing after December 31, 1980 or bankruptcy proceedings commencing after October 1, 1979 if a special election is made. Section 542(c)(9) does not apply to the instant proceeding since it was commenced before October 1, 1979. The legislative history to section 5(a) of the Bankruptcy Tax Act of 1980 states that prior to the addition of Section 542(c)(9) to the Internal Revenue Code 'a corporation in a bankruptcy or insolvency proceeding may become subject to the Personal Holding Company Tax on certain passive income ... if its assets are converted to investments which produce passive income before the corporation is liquidated'. S.Rep.No. 96–1035, 96th Cong. 2d Sess. 40 (1980).
>
> "Section 541 imposes a personal holding company tax on the undistributed personal holding company income of every personal holding company. Section 542(a) imposes the personal holding company tax on any corporation if 60 per cent of its adjusted ordinary gross income is personal holding company income and 50 per cent in value of the stock is owned by not more than 5 individuals. During 1980 the

---

permit the filing of the response on December 31, 1981.

**3.** The numbers were virtually the same for the prior taxable year, 1979, with respect to which a show cause order was issued on September 11, 1980, containing the following recitations as to the categories mentioned in the quotation in the text:

> "... [A]ssets have been collected in this estate totaling $1,685,859.26, of which $284,-618.83 has been disbursed, leaving a total cash on hand, invested in interest bearing accounts, of $1,401,240.43"; that '(a)ll income in this estate during the administration of this bankruptcy has come from the deposit of the funds noted above in interest bearing accounts under the direction of the bankrupt-

cy court'; and that the trustee therefore requests that the court of bankruptcy, pursuant to the provisions of § 2(2A) of the Bankruptcy Act, determine 'income tax due on the income from the amounts invested in interest bearing accounts' and the 'personal holding company status of (the) bankrupt estate in accordance with § 542(a)(2) of the Internal Revenue Code of 1954, as amended in the regulations promulgated thereunder.' "

In that action, the Internal Revenue Service did not respond to the show cause order. By default judgment, therefore, rendered in writing on October 17, 1980, it was determined by this court that neither the estate nor the trustee was liable for any tax as a personal holding company for the taxable year 1979.

bankrupt's stock was owned by fewer than 5 individuals. Section 543(b)(1) and (2) define adjusted ordinary gross income as gross income minus adjustments for capital gains, rents and interest on United States obligations held for sale to customers in the ordinary course of business. So far as respondent is aware, the bankrupt had no income from capital gains, rents or interest income from obligations of the United States held for sale in the ordinary course of business. Thus, the bankrupt's gross income would constitute its adjusted ordinary gross income. Section 543(a)(1) defines personal holding company income as income from interest. During the taxable year 1980 the bankrupt's only income was income from interest. Since the bankrupt's only income was income from interest, which is personal holding company income, it necessarily follows that at least 60 per cent of the bankrupt's adjusted ordinary gross income is personal holding company income. Thus, the bankrupt is a personal holding company for the taxable year 1980 subject to personal holding company tax on its undistributed personal holding company income."

█ The language from the legislative history which is thus adverted to by the respondent does not compel a conclusion that bankruptcy estates in cases commenced prior to the effective date of the Bankruptcy Tax Act of 1980 are subject to the personal holding tax. The legislative history itself is inconclusive on this issue, suggesting only the possibility that, prior to the clear provisions of the Bankruptcy Tax Act of 1980 on this issue, bankruptcy estates "may" have been subject to the personal holding company tax. And the obvious intent of the new provision is to make it clear that the tax should not apply to bankruptcy estates. See 1980 U.S.Code Cong. and Adm.News, p. 7054 to the effect that the House Judiciary Committee

> "believes that the personal holding company tax generally should not apply to corporations in bankruptcy or insolvency proceedings, since financially troubled corporations under court supervision generally are not used to avoid income tax on their shareholders."

The same principles, the reason for the creation of the new law, apply to corporate bankruptcies under the old Act as well as those under the new Bankruptcy Tax Act of 1980. The bankruptcy estate in the case at bar is certainly not one which is being used to avoid income tax on the shareholders of Financial Corporation. And taxation of the estate will result in the wholly unintended result whereby the creditors of the bankrupt corporation pay the tax, rather than the shareholders of the corporation. Such a result would result in total frustration of the whole scheme of the bankruptcy laws and the tax laws as they are relevant to this action. This court therefore concludes that it must, under its jurisdiction and power to determine the legality of any unpaid tax,[4] determine that the estate and its trustee are not subject to the personal holding company tax.[5]

█ There is a separate and independent reason for this same result and that is that this matter is *res judicata* by reason of the former, unappealed judgment issued by this court on October 17, 1980. Although that judgment, determining the estate herein in bankruptcy and the trustee in bankruptcy not to be subject to the personal holding company tax for 1979, pertained to a prior taxable year, there is no material fact to distinguish the holding in that action from this one. The estate in bankruptcy has

---

**4.** See § 2(2A) of the Bankruptcy Act, granting the bankruptcy court jurisdiction generally to "[h]ear and determine . . . any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed . . .

**5.** The purpose of the personal holding company tax is to prevent the controlling shareholders from avoiding high personal taxes by spreading over a number of years the distribution of the corporation's earnings. See *Brooklyn Nat. Corp. v. Commissioner of Internal Revenue*, 157 F.2d 450, 451 (2d Cir. 1946), cert. denied, 329 U.S. 733, 67 S.Ct. 96, 91 L.Ed. 634 (1947). That purpose would plainly not be promoted or furthered in any way by holding a bankruptcy estate to be a personal holding company.

practically the same status now as it did then, and in all material respects, the status is the same.[6] Therefore, that adjudication, between the same parties and on the same issue, should be regarded as *res judicata*,[7] binding this court to hold that the trustee and estate are not liable for the personal holding company tax for 1980, just as they were not for the taxable year 1979.

It is therefore, for the foregoing separate and independent reasons,

ORDERED, ADJUDGED AND DECREED that the petitioner and the estate in bankruptcy be, and they are hereby, declared to be not subject to the personal holding company tax for the taxable year 1980.

---

**6.** It is recognized that the determination of whether an entity is a personal holding company depends upon the particular facts for the year upon which the decision is based and not upon the entity's taxable status in any other year. *Affiliated Enterprises v. Commissioner of Internal Revenue*, 140 F.2d 647 (10th Cir. 1944). But when the material facts for 1980 are, in all material respects, the same as for the prior year, the adjudication based upon the prior year may be determinative. For that was a determination based upon the same *facts*, between the same parties, on essentially the same legal issue, and was a default judgment issued by a court of competent jurisdiction. Cf. *Matter of Nitsche*, 11 B.R. 443, 447 (Bkrtcy. W.D.Mo.1981).

**7.** See note 6, *supra*.