**In the Matter of Herbert D. BENSON, Debtor.**

**Herbert D. BENSON, Petitioner,**

v.

**INTERNAL REVENUE SERVICE and James R. Schurman, trustee in bankruptcy, Respondents.**

**Bankruptcy No. 78–01584–W.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Sept. 11, 1986.

Alex M. Lewandowski, Kansas City, Mo., for debtor/petitioner.

Michael B. Quigley, Dept. of Justice, Trial Atty., Tax. Div., Washington, D.C., for respondents.

James M. Schurman, Kansas City, Mo. trustee.

ORDER DENYING THE MOTION OF THE UNITED STATES OF AMERICA TO ALTER OR AMEND JUDGMENT OF JUNE 23, 1986

DENNIS J. STEWART, Chief Judge.

This court formerly issued its judgment on June 23, 1986, which in pertinent part held that a debtor in bankruptcy proceedings was not liable for postpetition interest on taxes due the Internal Revenue Service which will be paid out of his bankruptcy estate. The relevant portion of the court's conclusions of law in the judgment of June 23, 1986, were to the effect that:

"With respect to the basic and principal tax liabilities, the $2,170.42 for withholding and FICA and $1,548.70 for FUTA,

they enjoy the status of administrative claims. See section 64(a) of the Bankruptcy Act. See also *Nicholas v. United States, supra,* 384 U.S. [678] at 683, n. 10 [86 S.Ct. 1674 at 1679 n. 10, 16 L.Ed.2d 853]. ('Thus, section 64(a) of the Bankruptcy Act of 1898 ... granted an absolute priority to claims for taxes ...'). But, according to the foregoing principles, when, according to the uncontradicted evidence, these basic and principal tax liabilities were all incurred prior to the date of bankruptcy, no interest can be charged either against the estate—or against the debtor—for the delay in payment. 'It is well-settled principle of American Bankruptcy law that in cases of ordinary bankruptcy, the accumulation of interest on claims against a bankrupt estate is suspended as of the date of the petition in bankruptcy is filed.' *Nicholas v. United States, supra,* 384 U.S. at 682 [86 S.Ct. at 1678]. In this case, there is no indication that the estate is itself does not contain sufficient funds to pay the tax liability thus declared to be legal, a total of $3,719.12, in their totality. Therefore, the rule of *Bruning v. United States,* 376 U.S. 358, 361 [84 S.Ct. 906, 908, 11 L.Ed.2d 772] (1964), to the effect that the government has a right to 'continuing interest on an undischarged and *unpaid* tax liability' which survives the bankruptcy proceedings has no applicability.

The defendant United States of America has now timely moved to alter or amend that judgment so as to provide for the payment of postpetition interest by the debtor on the tax liability which will be paid out of the bankruptcy estate by the bankruptcy trustee, stating that:

"The United States Supreme Court has made clear the rule that postpetition interest on an unpaid nondischargeable tax debt is not discharged, but remains a personal liability of the debtor. *Bruning v. United States,* 376 U.S. 358 [84 S.Ct. 906, 11 L.Ed.2d 772] (1964). In the present case, however, the Court has distinguished *Bruning* on the basis that *Bruning* involved an unpaid tax liability, whereas in the present case the government will likely be paid its principal claim after a delay approaching eight years. Although the literal language of *Bruning* might support such a result, the rationale of the case, and subsequent case law, requires rejection of such distinction.

"The *Bruning* decision makes clear that the reason for disallowance of postpetition interest against the bankruptcy estate, under the Bankruptcy Act, is to avoid unfairness among competing creditors and to avoid administrative inconvenience. 376 U.S. at 362 [84 S.Ct. at 908]. These policies do not apply to assertion of interest against the debtor individually and are not affected by whether payment is made or not. Even when the claim is eventually paid, postpetition interest has continued to accrue against the debtor, and is not subject to discharge. Thus, debtor has a liability for the unpaid interest whether or not the underlying claim is paid. *In re Johnson Electrical Corp.,* 442 F.2d 281 (2nd Cir. 1971); *Hugh H. Eby Co. v. United States,* 456 F.2d 923 (3rd Cir.1972); *Schafer v. United States,* 353 F.Supp. 677 (D.Kan.1972).

"Although the result in this case may seem harsh, there is no provision for abating the government's right to interest. The government timely filed its proof of claim and should not suffer because of the trustee's delay, the reasons for which are not part of the record in this case. Fault of the debtor is immaterial. Interest is compensation for delay in receipt of taxes; it is neither punishment nor penalty."

This court, however, has correctly applied the rule of the *Bruning* case, *supra,* and the movant has admitted as much in its statement to the effect that literal application of the *Bruning* rule leads to the result which has been reached in this action. The other decisional appellate authority cited by the Internal Revenue Service is not strictly applicable to bankruptcy proceedings such as that at bar in which the case is a liqui-

dation case and the estate has long had sufficient funds to make priority distribution to the Internal Revenue Service, and the Internal Revenue Service might have had this distribution long ago had they seasonably applied for it. None of the appellate authority which has been cited by the United States contradicts the rule of *Bruning* to the effect that it is only *unpaid* tax liabilities which survive bankruptcy and which earn the interest which must be paid by the taxpayer. In *Hugh H. Eby Co. v. United States*, 456 F.2d 923, 925 (3d Cir.1972), the debtor paid the principal in full during the course of a confirmed chapter XI plan. It was held lawful for the United States to collect the interest from the debtor "from assets acquired by the taxpayer subsequent to the confirmation of the plan of arrangement." 456 F.2d at 924. Under the former chapter XI, the bankruptcy was ordinarily regarded as closed as of the date of the confirmation of the plan. (The court was to retain jurisdiction only if "is so provided in the arrangement." Section 368 of the Bankruptcy Act.) Thus, the ruling was to the effect that so much of the debt *which survived bankruptcy* and was not paid during the course of the bankruptcy proceedings might be collected thereafter, plus both prepetition and postpetition interest. The same holding was the rule of another decision now cited and relied upon by the government, *In re Johnson Electrical Corp.*, 442 F.2d 281, 282 (2d Cir.1971), in which it was held that a full payment of principal made under a chapter XI plan did not preclude the later collection of interest on a nondischargeable tax obligation. In that case, the court observed that one line of authority had ruled to the contrary, but quoted the opinion in the *Bruning* decision, *supra*, to the effect that there was "no indication in the *wording or history of section 6873(a)* that the section was meant to limit the Government's right to continuing interest on an undischarged and *unpaid* tax liability." 376 U.S. at 361, 84 S.Ct. at 908. (Emphasis added.) Section 6873(a), Title 26, United States Code, as it then existed, provided that:

"Any portion of a claim for taxes allowed on a receivership proceeding or any proceeding under the Bankruptcy Act which is unpaid shall be paid by the taxpayer upon notice and demand from the Secretary or his delegate *after the termination of such proceeding.*" (Emphasis added.)

It is clear from this governing statute, as it is from the literal wording of the *Bruning* decision (as the Government admits) that the "unpaid" liability which is adverted to is that which remains unpaid after the termination of the title 11 proceeding.

The district court authority cited by the Government, *Schafer v. United States*, 353 F.Supp. 677 (D.Kan.1972), is a holding that the debtor must pay postpetition interest from the date of bankruptcy to the date of payment of the nondischargeable tax, even if paid by the trustee in the course of liquidation proceedings. But the decision in that case, and the case upon which it in turn relies, *Brackeen v. United States*, 330 F.Supp. 68 (N.D.Tex.1971), were both based upon a supposition—drawn from the general language of the *Bruning* decision, *supra*, respecting the nondischargeability of postpetition interest—that that general language was intended to outweigh the specific language that restricted the holding to "unpaid" tax liabilities. Both decisions relied upon language in other decisions to the effect that "it is unfair to charge a bankrupt with interest during a period when his funds are *in custodia legis* ... [but] the words of 26 U.S.C. section 6873(a) and section 17 of the Bankruptcy Act are too strict to leave room for judicial loosening in the service of a policy that is best doubtful." *Schafer v. United States, supra,* at 681, quoting *Johnson Electrical Corp. v. United States, supra,* at 284. See also *Brackeen v. United States, supra,* at 71, quoting *Bruning v. United States*, 376 U.S. 358, 361, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964), to the effect that the nondischargeability statute "is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—e.g., those of financing government—override the value of giving the

debtor a wholly fresh start." These decisions were written prior to the promulgation of the Bankruptcy Tax Act of 1980 which demonstrated as is further pointed out below—that Congress had all along intended that debtors not be penalized for inability of a bankruptcy trustee to make payments on a nondischargeable tax obligation. (A subsequent decision, which adopts the rule of *Schafer, supra,* and *Brackeen, supra,* restricts itself to applying pre–1980 law and ignores the implications which the new Bankruptcy Tax Act explicitly carries for interpretation of the pre–1980 law. See *United States v. River Coal Co., Inc.,* 748 F.2d 1103, 1107 (6th Cir.1984)). They incorrectly characterize the rule of the *Bruning* case, *supra,* and they otherwise lay down the rule that a debtor must bear the burden for late payment in full of his tax liabilities even when he timely supplied the money or value for that payment to a trustee in bankruptcy and delay was solely attributable to title 11 laws governing the administration of a bankruptcy estate. This court, under the circumstances of this case, and in light of the new legislative history expatiated below, must hold to the contrary.

No other rule can make any intelligible sense when the debtor cannot, anymore than a trustee, be responsible for the delay in the distribution of monies in a title 11 case. This principle is recognized under the new provisions in the law instituted by the Bankruptcy Tax Act of 1980. Although the provisions of this Act, technically, do not apply to this case, which was filed before its effective date, its provisions may nevertheless be considered in interpreting the preexisting law. Unless the old Act contained specific provisions contrary to the relevant provisions of the new Act, "[t]he same principles (in terms of the reasons given) for the creation of the new law, apply to corporate bankruptcies under the old Act as well as those under the new Bankruptcy Tax of 1980." *Matter of Financial Corp.,* 19 B.R. 212, 214 (Bkrtcy.W.D.Mo.1982). Under the new Act, section 6873(a), *supra,* has been amended to leave out any reference to bankruptcy proceedings. It now simply reads:

"Any portion of a claim for taxes allowed in a receivership proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the Secretary after the termination of such proceeding."

Further, in other provisions, the Bankruptcy Tax Act of 1980 appears to make it clear that the reason for this change was, in part, to ensure that debtors did not bear the burdens of penalties and interest for delay in distribution to the Internal Revenue Service on tax liabilities, when that delay was necessitated by title 11 laws and exigencies of estate administration rather than by any delay or fault of the debtor. Thus, new section 6658, Title 26, United States Code, entitled "coordination with title 11," prohibits the imposition of penalties and certain other additions to a tax "for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code ... if such tax was incurred by the debtor before the ... order of relief ... and ... the petition was filed before the due date prescribed by law." According to the legislative history of this section, it:

"relieves the debtor or the trustee from penalties which otherwise might be applicable ... for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due ... *No inference is intended,* by virtue of the adoption of the[se] rules, *that under present law such penalties should be imposed where a debtor or the trustee of a bankruptcy estate is precluded from timely paying such taxes by virtue of bankruptcy proceedings."* (Emphasis added.)

6 U.S.Code Cong. and Adm.News, 96th Cong., 2d Sess., p. 7064. The reference to prior law in the emphasized portion of the above quoted statement, along with the clear letter of the *Bruning* case, *supra*[1],

---

1. The general rule in this regard is that "the

government [is] not entitled to post bankruptcy

supports this court's foregoing interpretation of the law applicable to the case at bar. The amount which may be collected subsequent to bankruptcy is the principal amount which remains unpaid at the conclusion of the bankruptcy proceedings and the interest thereon is what remains collectable by the government. It makes little sense to permit the collection of interest on amounts paid out of the estate, but which are delayed through the necessities of estate administration and through no fault of the debtor. It is recognized that the new statutes apply to penalties and do not, by their express terms, apply to interest. But interest, as a matter of definition, can run only from the due date. See Section 6601, Title 26, United States Code.[2] And it must be said that these statutes effectively alter the date on which payment is due. This court must make it clear that its ruling

purports to apply only with respect to cases such as that at bar, in which the amount of the tax which was due as of the date of bankruptcy is fully paid by the trustee before the conclusion of the bankruptcy proceedings. It is intended to provide no brief or support generally for the decision previously made in *In re Aristo Foods*, 3 B.C.D. 476 (Bkrtcy.W.D.Mo.1977), affirmed on other grounds, 3 B.C.D. 869 (W.D.Mo. 1977), affirmed 582 F.2d 1288 (8th Cir. 1978), to the effect that no interest ever may be charged for the period of bankruptcy administration, which the subsequent authority has unanimously denounced as erroneous.[3] Nevertheless, the clear letter of the *Bruning* case, *supra;* the other available authority, including that which has been cited and relied upon by the government; and the other available aids to construction all support the correctness

---

interest on its claim as a creditor ... [T]he amount which the government is entitled to be paid as ... lienor is bounded by the doctrine that ... bankruptcy stops the running of interest on the government's tax claim against it ... [It is a] well-settled principle that interest on the government's tax claim ceases to run on the taxpayer's bankruptcy." *Matter of Quakertown Shopping Center, Inc.*, 366 F.2d 95, 98, 99 (3d Cir.1966). The cases which are cited and relied upon by the government in its motion to alter or amend this court's former judgment confine their own application "solely to post-petition interest claims payable out of assets acquired after confirmation of the plan of arrangement, whereas the holding in *Quakertown Shopping Center* is applicable to post-petition interest claims sought to be collected out of the bankruptcy estate, where different considerations are applicable." *Hugh H. Eby Co. v. United States of America*, 456 F.2d 923, 926 (3d Cir.1972). It is true that these rules have properly led to the conclusion that the rule of *Nicholas v. United States, supra,* to the effect that "tax claims bear interest only to the date of bankruptcy" is "correct as to tax claims *payable out of the estate,* but not as to claims that survive the bankruptcy and are collectible later from the former bankrupt *personally.*" *United States v. Roberts Motor Express, Inc.*, 375 F.Supp. 1165, 1168 (N.D.N.Y. 1973). But the rule of *Bruning v. United States,* 376 U.S. 358, 361, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964), which must govern this case, is that, under section 6873(a) of the Internal Revenue Service Code, there is nothing to limit "the Government's right to continuing interest on an undischarged and *unpaid* tax liability." (Emphasis added.).

**2.** "If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the *last date prescribed for payment,* interest on such amount at an annual rate established under section 6621 shall be paid for the period from *such last date* to the date paid." Section 6601, Title 26, United States Code. (Emphasis added.).

**3.** *Aristo Foods* championed the general principle that postpetition interest was dischargeable because not incurred prior to bankruptcy. But see, e.g., *In re Jaylaw Drug Co.*, 621 F.2d 524, 528 (2d Cir.1980) (The[se] cases " ... were in our view incorrectly decided by the bankruptcy courts."). Even on the grounds on which the *Aristo* decision was affirmed by the district court, that of equitable estoppel, the later decisions have concluded it to be erroneous. See, e.g., *Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242, 249 (3rd Cir.1980) ("Were we to hold that the IRS was barred from asserting claims that it is entitled to collect under *Bruning* and *Eby* on the ground that it had failed to provide notice during the arrangement proceedings of its intention to seek satisfaction of the debts, we would, in effect, impose on the IRS a duty to apprise debtors of applicable judicial decisions. This we decline to do.") See also *In re Marietta Baptist Tabernacle*, 13 B.R. 715 (Bkrtcy.N.D.Ga. 1981); *Schafer v. United States* 353 F.Supp. 677 (D.Kan.1972). Even the district court in affirming the *Aristo Foods* decision on the grounds of equitable estoppel, refused to follow the bankruptcy court decision on the grounds which are relevant in this case.

of the former order of this court. It is therefore

ORDERED that the government's motion for reconsideration be, and it is hereby, denied.