**In re Allen STINE, d/b/a Stine Construction Co., Debtor.**

**Bankruptcy No. 82-00093.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Jan. 11, 1988.

Valerie J. Hall, Gainesville, Fla., for debtor.

Marika Lancaster, Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

J. Michael Davis, Jr., Gainesville, Fla., Trustee.

### MEMORANDUM OPINION AND ORDER

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER is before the Court on the debtor's attempt to prevent the Internal Revenue Service from collecting from him individually post-petition interest on certain tax claims which were previously paid in full by his trustee in bankruptcy. This matter has followed a tortuous procedural course in reaching this point, however, the issue has been joined and briefed

by the parties, and is now before the Court for decision.

The debtor, Allen Stine filed a Voluntary Petition for Relief under Chapter 7 of Title 11, U.S.C. on September 27, 1982. Prior to this case being filed, the debtor had been engaged in the construction business and owed, on the date of the petition, $13,490.33 to the I.R.S. in unsecured priority tax claim for the years 1981 and 1982. Pursuant to § 523(a)(1) (11 U.S.C. § 523(a)(1)) of the Bankruptcy Code, this claim was non-dischargeable in bankruptcy. Following the liquidation of the estate, on November 15, 1985, the trustee paid the I.R.S. $13,490.33 representing the full balance due on the pre-petition priority tax claim.

The I.R.S. notified the debtor that he would still be held responsible for post-petition interest and penalties on the pre-petition tax notwithstanding that the tax itself was paid in full by the trustee. The I.R.S. has subsequently abated the failure to pay penalties previously assessed, thus the only issue to be dealt with is that of interest accruing on the tax liability between the date of the petition and the date of payment. Neither the debtor nor the I.R.S. contend that the interest constitutes a claim against the bankruptcy estate.

The position taken by the debtor is that notwithstanding the non-dischargeability of the tax obligation, if the tax is paid, it is then discharged by payment. Thus there can be no non-dischargeable interest to be asserted. The debtor argues that the filing of the petition suspends the accrual of the interest until payment and that payment should be applied as of the date of the petition. Thus, only that portion of the tax which ultimately remains unpaid will bear interest.

The debtor relies heavily on *In re Benson*, 64 B.R. 128 (Bkrtcy.W.D.Mo 1986), on denial of reconsideration, 65 B.R. 148 (Bkrtcy.W.D.Mo 1986) to support its position. The Court in *Benson* held that the I.R.S. could not collect post-petition interest from the debtor under facts similar to those present in this case. Initially, that Court relied on *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) which set out the principle that in bankruptcy cases, the accumulation of interest on claims against the estate is suspended as of the date of the filing of the bankruptcy petition. Thus, the Court in *Benson* held that "no interest can be charged either against the estate—or against the debtor—for the delay in payment." *In re Benson*, 64 B.R. at 133. There, as here, the estate had sufficient funds to pay the pre-petition tax in full. It is clear that the rule set forth in *Nicholas* has no applicability here. In this case, we are not concerned with interest accruing on a claim against the estate, but on a claim against the debtor individually.

On rehearing, the Court in *Benson* analyzed its previous ruling in the context of the Supreme Court case of *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed 2d 772 (1964) and of the Bankruptcy Tax Act of 1980. The *Bruning* case, on which the I.R.S. relies in the instant case, held that the government was entitled to collect from a bankrupt personally post-petition interest on an unpaid tax liability that was not discharged by the bankruptcy. As the debtor here argues, the Court in *Benson* ruled that the holding in *Bruning* limited the accrual of interest on only that portion of the non-dischargeable tax liability which was not paid by the bankruptcy estate. To the extent that the taxes were paid, the *Benson* Court held that *Bruning* precluded the accrual of interest on that portion.

With regard to the applicability of the Bankruptcy Tax Act of 1980 the Court in *Benson* relied on the provisions of the Act which prohibit the imposition of penalties and other additions to a tax for untimely payment during the pendency of a case under Title 11, of the United States Code. The particular provision relied on, 26 U.S.C. § 6658 entitled "Coordination with Title 11" provides as follows:

(a) CERTAIN FAILURES TO PAY TAX —No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of a tax with respect to a period during which a

case is pending under Title 11 of the United States Code—

(2) if—

(A) such tax was incurred by the debtor before the earlier of the order for relief or (in the involuntary case) the appointment of a trustee, and

(B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or

(ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed.

Sections 6651, 6654, and 6655 provide for penalties for failure to file tax returns or to pay tax shown on the returns and for failures of individuals and corporations to pay estimated taxes. Neither these sections nor § 6658 make any mention of the accrual of interest on unpaid taxes.

We are not in accord with the analysis contained in *Benson* and respectfully disagree with the result reached therein. We do not read *Bruning* as limiting the accrual of interest to only that portion of the tax which remains unpaid. It is significant to note that under the facts in *Bruning,* the I.R.S. collected from the debtor personally, "the balance of the assessment of the withholding and F.I.C.A. taxes owed for 1951, plus interest to date—including interest which had accrued during the period between the filing of petitioner's petition in bankruptcy (July 6, 1953) and the date of payment (March 7, 1958)." 376 U.S. at 359, 84 S.Ct. at 907. The I.R.S. had received a small distribution in that case, however there is no suggestion by the Court of any abatement of the accrual of interest on that amount prior to payment. While the Court frequently referred to interest on an "undischarged and unpaid" tax liability, we interpret such language to mean that the taxes continued to accrue interest so remained unpaid. This is consistent with the Court's statement that:

It is undisputed that, under § 17, petitioner remained personally liable after his discharge for that part of the principal amount of the tax debt and pre-petition interest not satisfied out of the bankruptcy estate. The courts below held that, under § 17, petitioner also remained personally liable for post-petition interest on the tax debt, and we find no substantial reason to reverse that holding. *Id.*

The "tax debt" referred to is not that which remained unpaid by the trustee, but that which existed at the time of the bankruptcy.

The protective provisions of the Bankruptcy Tax Act of 1980 likewise do not apply to the accrual of interest on non-dischargeable tax claims. Congress could have very easily included a provision for the abatement of interest in addition to penalties in 26 U.S.C. § 6658, but it did not do so. It is not the province of this Court to do so now.

Finally, it flies in the face of common sense to allow interest to accrue from the date of the petition on that portion of the tax not paid out of the estate while precluding the accrual on that portion which was paid. If none of the taxes were paid by the estate and the post-bankruptcy debtor ultimately paid all that was owed, he would be required to pay and the government would receive all accrued interest on the debt. However, by the trustee making payment out of the estate, the government would not be compensated for the delay in payment, thus it would receive less than if the estate did not have the funds to pay. This result is clearly unreasonable and not supported by applicable law.

Several courts of appeal have also reached results contrary to the ruling in *Benson.* See, *In re Johnson Electrical Corporation,* 442 F.2d 281 (2nd Cir.1971); *Hugh H. Eby Co. v. United States,* 456 F.2d 923 (3rd Cir.1972); *In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2nd Cir.1980); *United States v. River Coal Co., Inc.,* 748 F.2d 1103 (6th Cir.1984).

Based on the foregoing, we conclude that the debtor in the instant case may be held responsible for post-petition interest on his non-dischargeable tax liabilities up to the date of payment by the trustee of the pre-

petition tax and the relief requested by the debtor is hereby denied.